# Vinson&Elkins

Charles D. Ossola  cossola@velaw.com
Tel +1 (202) 639-6558  Fax +1 (202) 639-6604

July 27, 2015

**VIA ELECTRONIC CASE FILING**

Hon. Denis R. Hurley, U.S.D.J.
United States District Court
 for the Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: *Capricorn Management Systems, Inc. v. Government Employees Insurance Co.*
Case No. 2:15-cv-2926 (DRH) (SIL)

Dear Judge Hurley:

This firm represents defendant Government Employees Insurance Co. ("GEICO") in the referenced action. We write pursuant to Rule 3(B) of Your Honor's Individual Practices to request a Pre-Motion Conference regarding GEICO's anticipated motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Counts II and III of the Complaint ("Compl.") filed by plaintiff Capricorn Management Systems, Inc. ("CMS").

## BACKGROUND

GEICO is a leading national provider of automobile and other insurance products. GEICO maintains a regional office on Long Island, in Woodbury, New York. CMS is a computer software company headquartered in Islip, New York.

GEICO's Woodbury office uses "Supercede" software from CMS to process insurance claims. Until recently, a CMS employee named Jerry Depace, worked substantially full-time within GEICO's Woodbury office to support and enhance the CMS software under GEICO's direction. The software license and support contract between GEICO and CMS (the "Supercede License Agreement") was most recently renewed in September 2013 for a one-year term with options to extend for two additional one-year terms (*i.e.*, through September 2016). The contract remains in force and GEICO has continued, even after the filing of this suit by CMS, to make the monthly royalty payments as specified in the contract.

As part of GEICO's transition to a nationwide claims processing system, the Woodbury office is phasing out Supercede and using newly-developed "ATLAS" software from a different vendor for new claims. CMS was invited to submit, and in fact did submit, a proposal to be GEICO's national claims processing software vendor. Ultimately, however, GEICO chose to

**Vinson & Elkins LLP  Attorneys at Law**
Abu Dhabi  Austin  Beijing  Dallas  Dubai  Hong Kong  Houston  London  Moscow
New York  Palo Alto  Riyadh  San Francisco  Shanghai  Tokyo  Washington

2200 Pennsylvania Avenue NW, Suite 500 West
Washington, DC 20037-1701
Tel +1 (202) 639-6500  Fax +1 (202) 639-6604  www.velaw.com



proceed with a different vendor, partly because CMS does not have the resources necessary to support a nationwide application.

### Plaintiff's "Trade Secret" Claims

When CMS learned that GEICO had selected a different vendor and would be phasing out Supercede (and, therefore, not further extending the Supercede License Agreement), CMS initiated a campaign of false accusations against GEICO, culminating in this lawsuit. CMS asserts three basic claims in its Complaint: (1) GEICO exceeded the scope of Supercede License Agreement (Count I); (2) GEICO breached a Non-Disclosure Agreement with CMS by disclosing unspecified "trade secrets" to the vendor developing the ATLAS software (Count II); and (3) GEICO violated Maryland law by misappropriating the same alleged trade secrets (Count III). CMS seeks "an amount over $100 million dollars" in monetary damages, without specifying the basis for that demand, which is orders of magnitude more than the total value of the Supercede License Agreement.[1] Compl., at 16.

### Legal Grounds for Defendant's Motion to Dismiss Counts II & III

GEICO respectfully submits that Counts II and III of the Complaint, the counts alleging breach of the Non-Disclosure Agreement and trade secret misappropriation, are insufficiently pled and should be dismissed for two reasons.

First, both counts allege improper disclosure of "Capricorn's Trade Secrets," which the Complaint broadly defines as "highly customized modules and methods for maximizing efficiency in the management and adjustment of claims and information for GEICO." Compl., at ¶ 53. That definition, which is the sole foundation of both Counts II and III, is so vague that it fails to give GEICO notice of what alleged "trade secrets" are at issue in this case. The insurance industry is highly-regulated and New York law largely prescribes how claims are to be adjusted. Software that automates the prescribed processes is not inherently a trade secret. To the extent the features in question were "customized … for GEICO," they were logically based on specifications received from GEICO and, therefore, incorporate GEICO's own proprietary processes, if anything.

Second, CMS fails to plead the required elements of a trade secret under Maryland law.[2] The Maryland Uniform Trade Secrets Act ("MUTSA") provides the following definition:

---

[1] The $100 million damages claim includes compensation for "unjust enrichment" but the Complaint does not assert a claim for unjust enrichment, further confusing the basis for CMS's demand. Compl., at 16.

[2] CMS pleads "Maryland State law" but fails to identify under what Maryland law it seeks relief. Compl., at ¶ 106. Presumably, CMS seeks relief under the Maryland Uniform Trade Secrets Act, codified at MD. CODE ANN., COM. LAW §§ 11-1201, *et seq.*, but that statute is cited nowhere in the Complaint.



> "Trade secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process, that:
>
> > (1) Derives <u>independent economic value</u>, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and
> >
> > (2) Is the subject of <u>efforts that are reasonable under the circumstances to maintain its secrecy</u>.

MD. CODE ANN., COM. LAW § 11-1201(e) (emphasis added).

The alleged trade secrets lack "independent economic value" because, according to CMS's own pleading, they were "customized ... for GEICO" and have not been licensed "to anyone other than GEICO." Compl., at ¶¶ 53, 60; *cf. Myung Ga, Inc. v. Myung Ga of MD, Inc.*, C.A. No. 10–3464, 2011 WL 3476828, at *6 (D. Md. Aug. 8, 2011) (inferring independent economic value based on "several previous licensing agreements"). The Complaint also fails to allege any facts regarding reasonable efforts taken by CMS to maintain secrecy. Instead, the Complaint merely pleads conclusions—the alleged trade secrets are "held in confidence by [CMS]" and "not disclose[d] ... to anyone other than GEICO." Compl., at ¶¶ 59, 60.

Maryland courts have dismissed trade secret claims based on MUTSA where "the Complaint lacks sufficient factual allegations and clarity to present a plausible claim that the information relied upon is protectable as a 'trade secret' under MUTSA." *Structural Preservation Sys., LLC v. Andrews*, 931 F. Supp. 2d 667, 679 (D. Md. 2013). As in *Andrews*, the Complaint here lacks sufficient "clarity" as to what information CMS claims as a trade secret and "does not allege facts upon which a reasonable inference can be drawn that the claimed 'trade secrets' hold independent economic value because such information is not generally known to or readily ascertainable by others in the relevant business." *Id.*

For the reasons set forth above, GEICO submits that a Motion to Dismiss Counts II and III of the Complaint would be meritorious. GEICO is available to for a Pre-Motion Conference at the Court's convenience and requests entry of an appropriate briefing schedule.

Respectfully submitted,

*[signature]*

Charles D. Ossola, Esq.

cc: Thomas P. Gulick, Esq.
Jess M. Collen, Esq.