**COLLEN IP**
INTELLECTUAL PROPERTY LAW
Telephone (914) 941-5668
Facsimile (914) 941-6091
www.collenIP.com

August 10, 2015

**VIA ELECTRONIC CASE FILING (ECF)**
Hon. Denis R. Hurley
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

  Re: *Capricorn Management Systems, Inc v. Gov't Employees Insurance Co.*
  Case No.: 2:15-cv-2926 (DRH) (SIL)

Dear Judge Hurley:

  This firm represents Capricorn Management Systems, Inc. (hereafter "CMS") in the above-referenced matter. This letter is submitted in response to Defendant Government Employees Insurance Co.'s (hereafter, "GEICO") July 27, 2015 request for a pre-motion conference in advance of GEICO's intended motion to dismiss Counts II and III pursuant to Rule 12(b)(6). Plaintiff respectfully represents that it has pled sufficient factual allegations such that a dismissal of Counts II and III is unwarranted, and therefore GEICO's request to file such a motion must be denied.

## Background

  Plaintiff relies generally on the facts set forth in its Complaint. In summary, Plaintiff CMS and Defendant GEICO have been business partners for over thirty-five (35) years. During that time, CMS developed proprietary software which it developed and provided to GEICO pursuant to a license and royalty agreement (limited to New York State) and a non-disclosure agreement. Upon information and belief, GEICO has breached both agreements through its use of CMS' proprietary software outside the State of New York, and its own unauthorized use and disclosure of CMS' trade secrets. Such actions on behalf of GEICO have necessitated this lawsuit.[1]

### Plaintiff CMS Has Adequately Pled Its Claims Related to Trade Secret

  Under *Twombly*, in order to survive a motion to dismiss, a complaint must allege sufficient facts that, when taken as true, "state a claim to relief that is plausible on its face." *Bell*

---

[1] In response to the background information provided in GEICO's letter, CMS notes that there are several misstatements made therein about the parties' relationship and relevant business contracts. For example, the license referred is a three year license and is not renewed on a yearly basis, contrary to GEICO's claims. In addition, GEICO did not allow CMS to make a proposal for the national claims processing software.

PAPERCUT PROTOCOL
ENVIRONMENTALLY SOUND LEGAL PRACTICE

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This requirement is met when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (citing *Twombly*, 550 U.S. at 556). Plaintiff CMS has undeniably alleged facts which not only satisfy, but exceed this standard for claims arising under the Maryland Uniform Trade Secrets Act.

<u>Pleading and Disclosure of Capricorn's Trade Secrets</u>

The Complaint clearly sets forth a general definition of "Capricorn's Trade Secret" in Paragraph 53 thereof, which consists of "highly customized modules and methods for maximizing efficiency in the management and adjustment of claims. . . " See D.E. 1, ¶ 53. Defendant's letter fails to mention that the Complaint further defines "modules" as "programs that are add-ons to [CMS's] Supercede system." D.E. 1, ¶ 19. The Complaint further discloses specific details of Capricorn's Trade Secrets, as outlined below:

- Paragraph 55: "enable the customization and automation of the claims management process";
- Paragraph 56: "enable enhanced fraud detection as part of the claims management process";
- Paragraph 57: "enable monitoring of the efficiency of GEICO employees";
- Paragraph 58: "enable the detection of abusive and/or fraudulent prescription of narcotic drugs."

The aforementioned allegations result in a disclosure of Capricorn's Trade Secrets that surpasses the pleading standards set forth in *Iqbal* and *Twombly*. If the allegations in the Complaint are taken as true, GEICO's unauthorized taking of CMS' proprietary modules and methods gives rise to a reasonable inference that GEICO is liable for misappropriation of CMS's trade secrets and a breach of the non-disclosure agreement.

Further, the case law cited by GEICO is readily and dispositively distinguished. In *Structural Steel Preservation Sys., LLC v. Andrews*, 931 F. Supp. 2d 667, 679 (D. Md. 2013), the court noted that the plaintiff's vague reference to "customer relationships" was insufficient, and if it meant customer lists then it should have pled so with specificity. *Id.* at 679. In contrast, CMS identified its Trade Secret as highly customized modules and methods, and described the particular features and functions of these modules and methods in question. See DE 1 at ¶¶ 19, 53-58. CMS has provided far more detail and clarity than the plaintiff in *Andrews*.

Moreover, courts are "in general agreement that trade secrets need not be disclosed in detail in a complaint alleging misappropriation for the simple reason that such a requirement would result in public disclosure of the purported trade secrets." *Autodesk, Inc. v. Zwcad Software Co.*, 2015 U.S. Dist. LEXIS 63610, *14 (N.D. Cal. May 13, 2015) (quoting *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 755 F. Supp. 635, 636 (D. Del. 1991)); see also *SD Prot., Inc. v. Del Rio*, 498 F. Supp. 2d 576, 586 (E.D.N.Y. 2007). CMS has met its burden by pleading sufficient facts and allegations which give rise to a plausible claim for relief.

Efforts to Maintain the Secrecy of Capricorn's Trade Secrets

Similarly, GEICO's position that "the Complaint fails to allege *any* facts regarding reasonable efforts taken by CMS to maintain secrecy" is unfounded. Paragraph 53 of the Complaint explicitly states that CMS only disclosed its Trade Secrets to GEICO after the execution of a Non-Disclosure Agreement, which is *prima facie* evidence that CMS has taken reasonable efforts to maintain secrecy. Paragraphs 59 and 60 further clarify that these Trade Secrets are held in confidence by CMS and have only been disclosed to GEICO, under the protection of the aforementioned Non-Disclosure Agreement. *See Synygy, Inc. v. ZS Assocs.*, 2015 U.S. Dist. LEXIS 26006 (E.D. Pa. Feb. 11, 2015).

Independent Economic Value of Capricorn's Trade Secrets

Plaintiff CMS is "a software company that designs and provides application for software for insurance companies," such as GEICO. DE 1, ¶ 12. The modules which comprise CMS' Trade Secret would certainly be valuable to any other insurance provider. Undoubtedly, the ability to monitor the efficiency of employees and detect the fraudulent prescription of narcotics would be a marketable product to any insurance company. *Id.* at ¶¶ 57, 58. In addition, by signing the relevant non-disclosure agreement, GEICO implicitly recognized that the software and information they would be receiving from CMS are confidential and proprietary.

Third party access to CMS's trade secrets harms the company in 2 ways. First, there are competing insurance claims management systems. If third party competitors obtained this information for free, competitors could keep their bids lower as they did not have to perform the same costs in research and development as CMS. CMS loses a valuable competitive advantage.

Second, CMS also processes and helps service claims. Because CMS employees are extremely familiar with CMS's system, they can process claims more efficiently than competitors. However, when GEICO discloses CMS's Trade Secrets to such competitors, CMS' advantage is lost. Unlicensed adjusters can then compete in providing quick results. CMS had to lay off numerous employees as a direct result. This cost CMS profits.

Thus, GEICO's position that CMS failed to allege an independent economic value of CMS' Trade Secrets is untenable.

CMS respectfully submits that it has adequately pled facts to support its claims for breach of the Non-Disclosure Agreement and trade secret misappropriation. Thus, a motion to dismiss Plaintiff's claims on the grounds set forth in GEICO's July 27, 2015 letter would be futile and poses an undue imposition on the resources of the court.

Very truly yours,
COLLEN *IP*

Thomas P. Gulick

CC: Counsel of Record (via ECF)
JMC/TPG/KAM:ces