IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP DIVISION

| | |
|---|---|
| CAPRICORN MANAGEMENT SYSTEMS, INC.<br><br>*Plaintiff,*<br><br>v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY<br><br>*Defendant.* | Case No.  2:15-cv-02926-DRH-SIL |

**GOVERNMENT EMPLOYEES INSURANCE COMPANY'S
REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS
<u>COUNTS II AND III FOR FAILURE TO STATE A CLAIM</u>**

Defendant Government Employees Insurance Company ("GEICO") respectfully submits this reply brief in further support of its Motion pursuant to Fed. R. Civ. P. 12(b)(6) to Dismiss Counts II and III asserted by plaintiff Capricorn Management Systems, Inc. ("Capricorn") for failure to state a claim upon which relief may be granted.

## I. INTRODUCTION

In its opening brief, GEICO demonstrated that Capricorn's two trade secret claims, Counts II and III of its Complaint ("Compl."), are implausible on their face and fail to give GEICO fair notice of what software elements are alleged to be trade secrets. Rather than meaningfully refute these arguments, Capricorn's opposition brief ("Opp.") highlights the insufficiency of its pleading by adding to the confusion over which features of its software are at issue. The so-called "factual background" section, which occupies more than half the brief and goes well beyond the allegations in the Complaint, touts the complexity of the software at issue—"a multi-faceted claims management and processing program which provides more than one hundred (100) specialized, unique functions"—but then disclaims "any proprietary rights" in the NCV fraud detection feature, which GEICO surmised from the Complaint to be at the heart of this dispute. *See* Opp. at 1, 5 n.1; Compl. at ¶¶ 34-49, 56.

The legal portions of Capricorn's opposition are equally unpersuasive. Capricorn mistakenly claims that GEICO is advocating a heightened pleading standard for trade secret claims, citing an obsolete standard for deciding this motion and mischaracterizing the case law. GEICO respectfully requests that Counts II and III be dismissed for failure to state a claim upon which relief can be granted because they are either implausible—claiming vast swaths of commonplace insurance industry software functionality as trade secrets—or fail to give GEICO sufficient notice of the more specific software features at issue.

**II.   ARGUMENT**

    **A.   The first half of Capricorn's opposition brief asserts legally irrelevant "factual background," which is not alleged in the Complaint and further confuses what trade secrets are at issue.**

Fully half of Capricorn's opposition brief, the first eight of sixteen pages, is devoted to alleged "factual background," consisting mostly of naked assertions unsupported by citations to allegations in the Complaint. In a cynical effort to garner the Court's sympathy, Capricorn attempts to portray GEICO as "a behemoth trying to steamroll over a small 'mom and pop' operation." *See* Opp. at 7. Such hyperbole is legally irrelevant. As Capricorn acknowledges, this Motion to Dismiss must be decided based solely on the law and the factual allegations in the Complaint, particularly whether, accepted as true, they state a claim for relief that is "plausible on its face." Opp. at 8 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Comparing the allegations in the Complaint with the many additional, unsupported allegations in Capricorn's opposition brief highlights the deficiency of Capricorn's pleading. The first two pages of "factual background" reference the Complaint only once, citing the same Paragraphs 55-58 relied upon by Capricorn in its pre-motion letter and addressed by GEICO in its opening brief. Opp. at 2. Aside from those generic references to commonplace insurance industry software features, Capricorn asserts, "[a]dditional functions were developed independently by Capricorn and are held in confidence as trade secrets." *Id.* To what "additional functions" does Capricorn refer? Its brief fails to cite any "additional functions" alleged as trade secrets in the Complaint and instead refers only vaguely to "organization of information" and the same "detection of abusive prescription of narcotic drugs" pled in Paragraph 58. *Id.*

Two pages later, Capricorn's discussion of NCV fraud detection adds to the confusion. Given the numerous allegations related to NCV fraud detection in the Complaint, *see, e.g.,*

2

¶¶ 34-49, GEICO surmised—given the vagueness of the pleading GEICO could not be certain—that the NCV fraud detection was the "enhanced fraud detection" alleged as a trade secret in Paragraph 56 and a principal focus of this case. In its opposition brief, however, Capricorn now disclaims "any proprietary rights" in NCV fraud detection. Opp. at 5 n.1. This admission seemingly contradicts Capricorn's own pleading, which alleges that "a Supercede module called 'Encovel Detection' … detect[s] fraud related to Nerve Conduction Velocity testing" and "[i]n the process of developing the software for the Encovel Detection module, Capricorn devised certain know-how and *proprietary* methods for processing large amounts of data to detect fraud." Compl. at ¶¶ 34, 36 (emphasis added). If the "enhanced fraud detection" alleged to be a trade secret in Paragraph 56 does not refer to NCV fraud detection, then to what does it refer? Because neither GEICO nor, more importantly, the Court can ascertain what software elements Capricorn alleges to be trade secrets, Counts II and III must be dismissed.

Capricorn acknowledges that its software "provides more than one hundred (100) specialized, unique functions" but offers nothing more than a few vague allegations to identify which of those functions are alleged to be trade secrets. Opp. at 1; Compl. at ¶¶ 54-58. Capricorn's suggestion that "more specificity would result in full disclosure on the public record—thereby no longer maintaining their trade secret status" is a disingenuous straw man. *See* Opp. at 7. There is an obvious middle ground between the vague and sweeping allegations in the Complaint and detailing the inner workings of the allegedly trade secret software. Merely identifying which of the "more than one hundred" functions allegedly contain its trade secrets would not have revealed the substance of those trade secrets. By failing to do so and instead pointing generically to "automation of the claims management process" and the like, which at some level describes the purpose of every function in its software, Capricorn has not given

GEICO the required "fair notice" of what functionality is at issue in this case. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (to survive a motion to dismiss, a complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.").

### B. Capricorn ignores the fundamental rationale behind the heightened plausibility standard adopted by the Supreme Court in *Twombly*.

Capricorn's suggestion that GEICO is improperly advocating a "heightened pleading standard" overlooks the fundamental holding in *Twombly*, namely that district courts should withhold the keys to costly discovery from plaintiffs alleging merely *possible* but not *plausible* claims. *See* 550 U.S. at 557-59 (quoting *Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 528 n.17 ) ("a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed.").

The *Twombly* Court's well-justified protection against allowing plaintiffs with ill-defined claims to proceed into discovery applies with full force here. *See Alexander Interactive, Inc. v. Leisure Pro Ltd.*, No. 14-cv-2796 (PKC), 2014 WL 4651942 at *5 (S.D.N.Y. September 15, 2014) (citing *Twombly*, 550 U.S. at 555) ("[t]o state a claim for misappropriation of trade secrets, a plaintiff must plead facts with sufficient particularity to provide defendants 'fair notice of what the claim is and the grounds upon which it rests.' … This requires, at minimum, that the plaintiff generally identify the trade secrets at issue."). Counts II and III are not straightforward breach of contract claims but involve allegations that trade secrets embodied within Capricorn's computer software were incorporated into other computer software developed for GEICO by a third party. Discovery on Capricorn's trade secret claims would require both parties to retain technical experts to analyze and potentially compare tens of thousands of lines of computer program source code, apparently without any factual allegations from Capricorn detailing which of the "more than one hundred" functions embodied within that source code are at issue. *See* Opp. at 1.

4

Seeking to force GEICO into such expansive and costly discovery while Capricorn continues to hide the ball concerning its claimed trade secrets is improper. *Twombly*, 550 U.S. at 559 ("[I]t is self-evident that the problem of discovery abuse cannot be solved by careful scrutiny of evidence at the summary judgment stage…; the threat of discovery expense will push cost-conscious defendants to settle even anemic cases before reaching those proceedings.") (internal quotations marks omitted). Capricorn's suggestion that GEICO is attempting to "make it prohibitively expensive for Capricorn to be able to stop GEICO from misappropriating its trade secrets and software" while itself refusing to specify the trade secrets at issue in any meaningful way so as to focus discovery is ironic at best. *See* Opp. at 8.

Capricorn's opposition brief at first recites the plausibility standard articulated in *Twombly* and refined in *Iqbal*, but then mistakenly reverts to the now-superceded "any set of facts" standard articulated by the Second Circuit fourteen years *before Twombly*. Opp. at 9 (citing *Hertz Corp. v. City of New York*, 1 F.3d 121, 125 (2d Cir. 1993)) ("Only if the complaint cannot state any set of facts that would entitle the plaintiff to relief should it be dismissed pursuant to Fed. R. Civ. p 12(b)(6)."). *Hertz* and the "any set of facts" (or, "no set of facts") standard espoused by Capricorn are no longer good law. *Twombly*, 550 U.S. at 563 ("The phrase is best forgotten…."). Highlighting Capricorn's misunderstanding of the applicable standard is not a case of legal hairsplitting. The distinction goes to the heart of this motion. Capricorn acknowledges that GEICO's arguments "may prevail at trial and summary judgment"—a telling admission that confirms Capricorn's dim view of the ultimate merits of its claims—but not at the present pleadings stage. *See* Opp. at 12.

GEICO is not advocating a heightened pleading standard; the Supreme Court in *Twombly* already adopted a heightened pleading standard. GEICO asks this Court to apply that standard

5

and dismiss Capricorn's insufficiently pled claims. In short, because Capricorn's trade secret claims do not move "across the line from conceivable to plausible," they "must be dismissed." *Twombly*, 550 U.S. at 570.

### C. Capricorn mischaracterizes or ignores the directly applicable Maryland cases cited by GEICO.

Capricorn argues that "the cases on which [GEICO] relies are not cases decided on a motion to dismiss, but are readily distinguishable on the grounds that they are dispositions of summary judgment motions." Opp. at 11. That assertion is misguided.

*Twombly* itself, discussed at length in GEICO's opening brief for its holding that a well-pled claim must be plausible rather than merely possible, arose on a motion to dismiss. *Twombly*, 550 U.S. at 552 ("The United States District Court for the Southern District of New York dismissed the complaint for failure to state a claim upon which relief can be granted."). GEICO also cited two Maryland opinions—*Structural Preservation Systems, LLC v. Andrews*, 931 F. Supp. 2d 667 (D. Md. 2013) and *Myung Ga, Inc. v. Myung Ga of MD, Inc.*, C.A. No. 10-3464, 2011 WL 3476828 (D. Md. Aug. 8, 2011)—deciding motions to dismiss trade secret claims brought under the Maryland Uniform Trade Secrets Act ("MUTSA"), both particularly relevant here since Capricorn purports to assert its trade secrets claims under that same Maryland law.

The procedural posture and legal arguments concerning the plausibility of trade secret claims in *Structural Preservation Systems* are analogous to those here. The plaintiff there alleged that the defendants "wrongfully used and continue to use [plaintiff's] financial data, pricing and bidding information, marketing and sales information, and other trade secret or confidential business information." *Structural Preservation Systems,* 931 F. Supp. 2d at 670. Defendants moved to dismiss under Fed. R. Civ. P. 12(b)(6), just as GEICO has done here, and

6

the court granted the motion because "the Complaint lacks sufficient factual allegations and clarity to present a *plausible* claim that the information relied upon is protectable as a 'trade secret' under the MUTSA." *Id.* at 679 (emphasis added). In so doing, the court considered the six Restatement factors relevant to determining whether information constitutes a trade secret, as directed by Maryland authority, just as GEICO did in its opening brief. *Id.* (citing *Optic Graphics, Inc. v. Agee*, 591 A.2d 578, 585 (Md. Ct. Spec. App. 1991)). Capricorn not only fails to address—or even mention—*Structural Preservation Systems* in its opposition, but incorrectly asserts that GEICO cited no such case deciding a motion to dismiss, and then argues it would be "premature" for the court to consider the Restatement factors on a motion to dismiss without acknowledging this directly contrary Maryland authority previously cited by GEICO. *See* Opp. at 11, 13.[1]

Capricorn, by contrast, fails to cite any Maryland authority or any cases involving MUTSA claims. Instead, Capricorn cherry picks decisions from across the country addressing pleading standards for claims arising under different laws. Many of the cases relied upon by Capricorn—for example, *Gaetano Assocs. Ltd. v. Artee Collections, Inc.*, No. 05-cv-3329 (DLC), 2006 U.S. Dist. Lexis 77144 (S.D.N.Y. Oct. 25, 2006), twice cited for its "notice pleading standard"—predate the heightened "plausible" pleading requirement set out in *Twombly*, rendering them of little guidance regardless of jurisdiction. *See* Opp. at 9, 13.[2]

---

[1] New York courts also consider the Restatement factors in evaluating motions to dismiss claims for misappropriation of trade secrets. *See*, *e.g.*, *Watts v. Jackson Hewitt Tax Serv. Inc.*, 675 F. Supp. 2d 274, 279 n.3 (E.D.N.Y. 2009).

[2] For example, Capricorn cites *Gaetano* and another pre-*Twombly* case for the proposition that Capricorn's conclusory allegations that the information at issue was "held in confidence" and was the subject of a non-disclosure agreement are sufficient to adequately allege that Capricorn maintained the secrecy of its trade secrets as required under MUTSA. Opp. at 13.

Capricorn does cite some post-*Twombly* cases finding trade secret allegations sufficiently pled to survive a motion to dismiss, but a review of the pleadings in those cases only highlights the deficiency of Capricorn's own allegations. For example, Capricorn cites *Autodesk, Inc. v. Zwcad Software Co.*, No. 5:14-cv-1409 (EJD), 2015 U.S. Dist. Lexis 63610 (N.D. Cal. May 13, 2015), denying a motion to dismiss, for the proposition that "a plaintiff need not spell out the details of the trade secret but must identify the trade secret with sufficient particularity to give defendants reasonable notice…." Opp. at 9-10. Capricorn fails to mention, however, that the plaintiff there included within its complaint more than a half-dozen screenshots (*i.e.*, pictures of the computer software in question as it appears on a user's screen) illustrating the specific features at issue. Complaint, *Autodesk, Inc. v. Zwcad Software Co.*, Case No. 5:14-cv-1409 (N.D. Cal.), Dkt. No. 1, at 6-11. Capricorn includes no such screenshots in its own Complaint nor any similar information to provide notice of the information it alleges to be trade secrets.[3]

Capricorn also argues that this Court's decision in *Dorset Ind. v Unified Grocers, Inc.*, 893 F. Supp. 2d 395, 411 (E.D.N.Y. 2012), is an "analogous case" in which another judge in this Court found a trade secret claim to be adequately pled. Opp. at 10. But in fact, the *Dorset* case is not "analogous" at all. Capricorn fails to mention that the "trade secret" claim in *Dorset* was a New York common law claim for breach of a confidentiality agreement; it was not a statutory claim under the Uniform Trade Secrets Act, which has not been adopted by New York. The

---

[3] Similarly, in support of Capricorn's argument that it has adequately alleged "independent economic value" under MUTSA, Capricorn cites *Superior Edge, Inc. v. Monsanto Co.*, 964 F. Supp. 2d 1017, 1042 (D. Minn. 2012), claiming in a parenthetical that in that case "value [was] inferred from allegations that the information is not known or readily ascertainable." Opp. at 14. In *Superior Edge*, however, value was also inferred from a "lengthy complaint" and 78 pages of annexed license and development agreements, which were "rife with detail" about the relevant features of the software at issue and included an "exclusivity" provision. *Superior Edge*, 964 F. Supp. 2d at 1042. Capricorn has not pled facts showing any comparable level of detail or exclusivity.

8

elements of a trade secret claim under the common law of New York and the factors for considering whether a trade secret claim exists under New York law are not at issue here; Capricorn, as it acknowledges, asserts a misappropriation of trade secret claim *only* under MUTSA.  Opp. at 15-16.  Thus the legal analysis of whether the plaintiff's claim in *Dorset* was adequately pled under New York law is inapposite here.

Moreover, the *Dorset* case did not involve a stand-alone trade secret claim, but rather the plaintiff's claim for breach of confidentiality and non-disclosure agreements between the parties. 893 F. Supp. 2d at 410.  The plaintiff's contention in that case was that the agreements at issue had been breached by the defendant's misappropriation of confidential information and of trade secrets.  *Id.*  In finding the plaintiff's complaint adequately pled under New York law, the Court conflated the claim (breach of confidentiality agreements) with the means by which the defendant allegedly breached those agreements, *i.e.*, by misappropriation of trade secrets under New York law.  This is made perfectly clear by the Court's ultimate conclusion that the plaintiff adequately alleged that "the information allegedly utilized by the Defendant constituted 'confidential information' *and/or* 'trade secrets' [under New York common law]."  *Id.* at 411 (emphasis added).  This reasoning has no applicability to the determination of the sufficiency of Capricorn's Complaint under MUTSA.

### III.  CONCLUSION

Capricorn's opposition brief does not, and cannot, change the improperly vague and ultimately insufficient allegations in its Complaint.  Capricorn's suggestion that vast swaths of commonplace insurance industry functionality—for example, "automation of the claims management process" and "fraud detection"—are its trade secrets is implausible.  The Complaint fails to give GEICO the required "fair notice" of which of its Supercede software elements are really at issue in this case.  Proceeding into discovery on such ill-defined claims would be

9

counter to the fundamental efficiency and fairness concerns underpinning the Supreme Court's insistence on not merely possible but plausible pleadings in *Twombly*.

Counts II and III should be dismissed accordingly for failure to state a claim upon which relief can be granted.

Date: October 28, 2015                             Respectfully submitted,

*/s/ Clifford Thau*

Clifford Thau, Esq.
Marisa Antos-Fallon, Esq.
**VINSON & ELKINS LLP**
666 Fifth Avenue, 26th Floor
New York, NY  10103
Tel:  (212) 237-0000
Fax:  (212) 237-0100
cthau@velaw.com
mantosfallon@velaw.com

Charles D. Ossola, Esq. (*pro hac vice*)
Matthew J. Ricciardi, Esq. (*pro hac vice*)
**VINSON & ELKINS LLP**
2200 Pennsylvania Avenue NW
Suite 500 West
Washington, DC  20037
Tel:  (202) 639-6500
Fax:  (202) 639-6604
cossola@velaw.com
mricciardi@velaw.com

*Counsel for Government Employees Insurance Company*