IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP DIVISION

| | |
|---|---|
| CAPRICORN MANAGEMENT SYSTEMS, INC.<br><br>*Plaintiff,*<br><br>v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY<br><br>*Defendant.* | Case No.  2:15-cv-02926-DRH-SIL<br><br>JURY TRIAL DEMANDED |

## GEICO'S ANSWER AND AFFIRMATIVE DEFENSES

Government Employees Insurance Company ("GEICO"), through its undersigned counsel, hereby answers the Complaint (D.E. 1) of Capricorn Management Systems, Inc. ("CMS") and asserts affirmative defenses as follows:

### PARTIES

1. GEICO lacks sufficient information to admit or deny the allegations in Paragraph 1 of the Complaint and, on that basis, denies them.

2. GEICO admits the allegations in Paragraph 2 of the Complaint.

3. GEICO admits the allegations in Paragraph 3 of the Complaint.

4. GEICO admits the allegations in Paragraph 4 of the Complaint.

5. GEICO admits the allegations in Paragraph 5 of the Complaint.

6. The allegations in Paragraph 6 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, GEICO denies the allegations in Paragraph 6 of the Complaint.

7. The allegations in Paragraph 7 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, GEICO denies the allegations in Paragraph 7 of the Complaint.

8. The allegations in Paragraph 8 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, GEICO denies the allegations in Paragraph 8 of the Complaint.

## JURISDICTION AND VENUE

9. The allegations in Paragraph 9 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, GEICO denies the allegations in Paragraph 9 of the Complaint.

10. GEICO admits that this Court has original subject matter jurisdiction, that there is complete diversity of citizenship among the parties, and that CMS alleges more than $75,000 in damages. GEICO otherwise denies the allegations in Paragraph 10 of the Complaint.

11. GEICO admits that it conducts business within this judicial district and admits that venue is proper in this judicial district. GEICO otherwise denies the allegations in Paragraph 11 of the Complaint.

**STATEMENT OF FACTS**

12. GEICO admits that CMS currently licenses software to GEICO. GEICO otherwise lacks sufficient information to admit or deny the allegations in Paragraph 12 of the Complaint and, on that basis, denies them.

13. GEICO denies the allegations in Paragraph 13 of the Complaint.

14. GEICO admits that CMS has licensed software to GEICO and provided consulting services to GEICO's regional office in Woodbury, New York, for approximately three decades. GEICO otherwise denies the allegations in Paragraph 14 of the Complaint.

15. GEICO admits that its Regional Vice President for Woodbury, New York, awarded Mr. Gerry Depace a "Certificate of Excellence" for his work on the "Affirmative Filing Process" in 2011. GEICO otherwise denies the allegations in Paragraph 15 of the Complaint.

16. GEICO admits that CMS has licensed its Supercede software to GEICO. GEICO otherwise denies the allegations in Paragraph 16 of the Complaint.

17. GEICO admits that GEICO and CMS have entered into multiple written contracts that govern the terms of their business relationship. GEICO otherwise denies the allegations in Paragraph 17 of the Complaint.

18. GEICO admits that GEICO and CMS executed a "Confidentiality and Non-Disclosure Agreement" on August 23, 2005. GEICO otherwise denies the allegations in Paragraph 18 of the Complaint.

19. GEICO lacks sufficient information to admit or deny the allegations in Paragraph 19 of the Complaint and, on that basis, denies them.

20. The allegations in Paragraph 20 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, GEICO denies the allegations in Paragraph 20 of the Complaint.

21. The allegations in Paragraph 21 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, GEICO denies the allegations in Paragraph 21 of the Complaint.

**The Supercede Royalty and Leasing Agreement**

22. GEICO admits that GEICO and CMS executed a "two year agreement" in connection with the "Capricorn Supercede System" in 2008. GEICO otherwise denies the allegations in Paragraph 22 of the Complaint.

23. GEICO admits that GEICO and CMS executed "Capricorn Supercede System Lease and Royalty" agreements in 2010 and 2013. GEICO otherwise denies the allegations in Paragraph 23 of the Complaint.

24. GEICO admits that the "Capricorn Supercede System Lease and Royalty" agreement executed by GEICO and CMS in 2013 was executed "as of" September 1, 2013. GEICO otherwise denies the allegations in Paragraph 24 of the Complaint.

25. GEICO admits that the "Capricorn Supercede System Lease and Royalty" agreement executed by GEICO and CMS in 2013 is a "three year contract" with the third year ending on August 31, 2016 and "with an option to renew in the fourth year." GEICO otherwise denies the allegations in Paragraph 25 of the Complaint and respectfully refers the Court to the document in question for its true and correct contents.

26. GEICO admits that the annualized royalty cost specified in the "Capricorn Supercede System Lease and Royalty" agreement executed by GEICO and CMS in 2013 is "hundreds of thousands of dollars." GEICO otherwise denies the allegations in Paragraph 26 of the Complaint and respectfully refers the Court to the document in question for its true and correct contents.

27. GEICO denies the allegations in Paragraph 27 of the Complaint and respectfully refers the Court to the document in question for its true and correct contents.

28. GEICO denies the allegations in Paragraph 28 of the Complaint.

29. GEICO denies the allegations in Paragraph 29 of the Complaint and respectfully refers the Court to the document in question for its true and correct contents.

30. GEICO admits that the "Capricorn Supercede System Lease and Royalty" agreement executed by GEICO and CMS in 2013 requires CMS to "continue to aid GEICO to maintain the installation exempt from New York State sales taxes." GEICO otherwise denies the allegations in Paragraph 30 of the Complaint and respectfully refers the Court to the document in question for its true and correct contents.

31. GEICO admits that the "Capricorn Supercede System Lease and Royalty" agreement executed by GEICO and CMS in 2013 requires CMS to "provide a pass through to GEICO for the yearly data cost associated with the New York State No-Fault fee schedule." GEICO otherwise denies the allegations in Paragraph 31 of the Complaint and respectfully refers the Court to the document in question for its true and correct contents.

32. GEICO denies the allegations in Paragraph 32 of the Complaint.

33. GEICO denies the allegations in Paragraph 33 of the Complaint.

NCV Module

34. GEICO lacks sufficient information to admit or deny the allegations in Paragraph 34 of the Complaint and, on that basis, denies them.

35. GEICO denies the allegations in Paragraph 35 of the Complaint.

36. GEICO denies the allegations in Paragraph 36 of the Complaint.

37. GEICO lacks sufficient information to admit or deny the allegations in Paragraph 37 of the Complaint and, on that basis, denies them.

38. The phrase "these fraud investigations" lacks antecedent basis and renders the meaning of the allegations in Paragraph 38 unclear. GEICO denies the allegations in Paragraph 38 of the Complaint.

39. GEICO admits that it filed a complaint, assigned case no. 1:11-cv-4018, against Barry Dublin, M.D., *et al.*, in the United States District Court for the Eastern District of New York on August 19, 2011, alleging, *inter alia*, that "Defendants have engaged in a massive fraudulent scheme and have billed GEICO alone over 23 million dollars." GEICO otherwise denies the allegations in Paragraph 39 of the Complaint.

40. GEICO lacks sufficient information to admit or deny the allegations in Paragraph 40 of the Complaint and, on that basis, denies them.

41. GEICO admits that its Regional Vice President for Woodbury, New York, awarded Mr. Gerry Depace a "Certificate of Excellence" for his work on the "Affirmative Filing Process" in 2011. GEICO otherwise denies the allegations in Paragraph 41 of the Complaint.

42. GEICO admits that it uses a software program called ATLAS in every state of the United States, including New York. GEICO otherwise denies the allegations in Paragraph 42 of the Complaint.

43. GEICO denies the allegations in Paragraph 43 of the Complaint.

44. The adverb "previously" renders the meaning of the allegations in Paragraph 44 of the Complaint unclear. ATLAS does not and has never included an "NCV fraud detection" module. GEICO denies the allegations in Paragraph 44 of the Complaint.

45. GEICO admits that it filed a complaint, assigned case no. 2:12-cv-7281, against MLS Medical Group LLC, *et al.*, in the United States District Court for the District of New Jersey on November 26, 2012, seeking "to recover more than $225,000.00 that Defendants wrongfully obtained from GEICO by submitting, or causing to be submitted, hundreds of fraudulent charges … for initial examinations, electromyography tests, and nerve conduction velocity tests." GEICO otherwise denies the allegations in Paragraph 45 of the Complaint.

46. GEICO denies the allegations in Paragraph 46 of the Complaint.

47. GEICO denies the allegations in Paragraph 47 of the Complaint.

48. GEICO admits that CMS wrote to GEICO on November 26, 2014, stating that "the License between GEICO and CMS does not permit GEICO's use of CMS' products or services in New Jersey (or any other state or jurisdiction outside of New York)" and alleging "disclosure of CMS's proprietary and confidential information to CMS competitors." GEICO otherwise denies the allegations in Paragraph 48 of the Complaint.

49. The reference to a "tool used to detect NCV fraud" without specifying the time, place, or context of the alleged "detect[ion]" renders the allegations in Paragraph 49 of the

Complaint unclear and ambiguous. The second sentence in Paragraph 49 of the Complaint states a legal conclusion to which no response is required. To the extent a response to the allegations in Paragraph 49 of the Complaint is required, GEICO denies them.

### Non-Disclosure Agreement

50. The term "master copy" is undefined and unclear, thereby rendering the allegations in Paragraph 50 of the Complaint unclear and ambiguous. GEICO denies the allegations in Paragraph 50 of the Complaint.

51. GEICO admits that GEICO and CMS executed a "Confidentiality and Non-Disclosure Agreement" on August 23, 2005. GEICO otherwise denies the allegations in Paragraph 51 of the Complaint.

52. GEICO denies the allegations in Paragraph 52 of the Complaint.

53. GEICO denies the allegations in Paragraph 53 of the Complaint.

54. GEICO denies the allegations in Paragraph 54 of the Complaint.

55. GEICO denies the allegations in Paragraph 55 of the Complaint.

56. GEICO denies the allegations in Paragraph 56 of the Complaint.

57. GEICO denies the allegations in Paragraph 57 of the Complaint.

58. GEICO denies the allegations in Paragraph 58 of the Complaint.

59. GEICO denies the allegations in Paragraph 59 of the Complaint.

60. GEICO denies the allegations in Paragraph 60 of the Complaint.

61. GEICO denies the allegations in Paragraph 61 of the Complaint.

62. GEICO denies the allegations in Paragraph 62 of the Complaint.

63. GEICO denies the allegations in Paragraph 63 of the Complaint.

64. GEICO denies the allegations in Paragraph 64 of the Complaint.

65. GEICO denies the allegations in Paragraph 65 of the Complaint.

**Auto Injury Solutions**

66. GEICO denies the allegations in Paragraph 66 of the Complaint.

67. GEICO denies the allegations in Paragraph 67 of the Complaint.

68. GEICO denies the allegations in Paragraph 68 of the Complaint.

69. GEICO denies the allegations in Paragraph 69 of the Complaint.

70. GEICO denies the allegations in Paragraph 70 of the Complaint.

71. GEICO lacks sufficient information to admit or deny the allegations in Paragraph 71 of the Complaint and, on that basis, denies them.

72. GEICO lacks sufficient information to admit or deny the allegations in Paragraph 72 of the Complaint and, on that basis, denies them.

73. GEICO denies the allegations in Paragraph 73 of the Complaint.

74. GEICO denies the allegations in Paragraph 74 of the Complaint.

75. GEICO lacks sufficient information to admit or deny the allegations in Paragraph 75 of the Complaint and, on that basis, denies them.

76. GEICO admits the allegations in Paragraph 76 of the Complaint, except to the extent that the word "also" implies any admission with respect to allegations in any preceding paragraph.

77. GEICO admits that it worked with Auto Injury Solutions ("AIS") to tailor an existing AIS medical claims adjustment software product to interface with ATLAS. GEICO otherwise denies the allegations in Paragraph 77 of the Complaint.

78. GEICO denies the allegations in Paragraph 78 of the Complaint.

### Third Party Adjusters

79. GEICO denies the allegations in Paragraph 79 of the Complaint.

80. GEICO denies the allegations in Paragraph 80 of the Complaint.

81. GEICO denies the allegations in Paragraph 81 of the Complaint.

82. GEICO denies the allegations in Paragraph 82 of the Complaint.

83. GEICO denies the allegations in Paragraph 83 of the Complaint.

84. GEICO denies the allegations in Paragraph 84 of the Complaint.

85. GEICO denies the allegations in Paragraph 85 of the Complaint.

### COUNT I – BREACH OF CONTRACT
### Licensing Agreement

86. GEICO repeats its responses to Paragraphs 1-85 above as if fully recited here.

87. GEICO admits that GEICO and CMS executed a "Capricorn Supercede System Lease and Royalty" agreement in 2013. GEICO otherwise denies the allegations in Paragraph 87 of the Complaint.

88. GEICO denies the allegations in Paragraph 88 of the Complaint.

89. GEICO denies the allegations in Paragraph 89 of the Complaint.

90. GEICO denies the allegations in Paragraph 90 of the Complaint.

91. GEICO denies the allegations in Paragraph 91 of the Complaint.

92. GEICO denies the allegations in Paragraph 92 of the Complaint.

93. The allegations in Paragraph 93 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, GEICO denies the allegations in Paragraph 93 of the Complaint.

94. The allegations in Paragraph 94 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, GEICO denies the allegations in Paragraph 94 of the Complaint.

95. The allegations in Paragraph 95 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, GEICO denies the allegations in Paragraph 95 of the Complaint.

96. The allegations in Paragraph 96 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, GEICO denies the allegations in Paragraph 96 of the Complaint.

**COUNT II – BREACH OF CONTRACT**
**Non-Disclosure Agreement**

97. GEICO repeats its responses to Paragraphs 1-96 above as if fully recited here.

98. GEICO admits that GEICO and CMS executed a "Confidentiality and Non-Disclosure Agreement" on August 23, 2005.  GEICO otherwise denies the allegations in Paragraph 98 of the Complaint.

99. The allegations in Paragraph 99 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, GEICO denies the allegations in Paragraph 99 of the Complaint.

100. The allegations in Paragraph 100 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, GEICO denies the allegations in Paragraph 100 of the Complaint.

101. The allegations in Paragraph 101 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, GEICO denies the allegations in Paragraph 101 of the Complaint.

102. The allegations in Paragraph 102 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, GEICO denies the allegations in Paragraph 102 of the Complaint.

103. The allegations in Paragraph 103 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, GEICO denies the allegations in Paragraph 103 of the Complaint.

104. The allegations in Paragraph 104 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, GEICO denies the allegations in Paragraph 104 of the Complaint.

**COUNT III – MISAPPROPRIATION OF TRADE SECRET**

105. GEICO repeats its responses to Paragraphs 1-104 above as if fully recited here.

106. GEICO admits that CMS purports to state a claim for misappropriation of a trade secret under Maryland law.  GEICO otherwise denies the allegations in Paragraph 106 of the Complaint.

107. GEICO denies the allegations in Paragraph 107 of the Complaint.

108. GEICO denies the allegations in Paragraph 108 of the Complaint.

109. GEICO denies the allegations in Paragraph 109 of the Complaint.

110. GEICO denies the allegations in Paragraph 110 of the Complaint.

111. GEICO denies the allegations in Paragraph 111 of the Complaint.

112. GEICO denies the allegations in Paragraph 112 of the Complaint.

113. The allegations in Paragraph 113 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, GEICO denies the allegations in Paragraph 113 of the Complaint.

## AFFIRMATIVE DEFENSES

Without conceding or assuming that it bears the burden of proof as to any of them, GEICO asserts the following defenses:

### First Affirmative Defense:  Failure to State a Claim

The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense:  Unclean Hands

One or more of CMS's claims are barred, in whole or in part, by the doctrine of unclean hands.

### Third Affirmative Defense:  Equitable Estoppel

One or more of CMS's claims are barred, in whole or in part, by the doctrine of equitable estoppel.

### Fourth Affirmative Defense:  Waiver

One or more of CMS's claims are barred, in whole or in part, by the doctrine of waiver.

### Fifth Affirmative Defense:  Laches

One or more of CMS's claims are barred, in whole or in part, by the doctrine of laches.

### Sixth Affirmative Defense:  Statute of Limitations

One or more of CMS's claims are barred, in whole or in part, by the applicable statute of limitations.

### Seventh Affirmative Defense:  No Injury-in-Fact

One or more of CMS's claims are barred, in whole or in part, because CMS has not suffered any injury-in-fact.

### Eighth Affirmative Defense:  Failure to Mitigate Damages

One or more of CMS's claims are barred, in whole or in part, because CMS failed to mitigate any alleged injury and damages.

### Ninth Affirmative Defense:  Unfounded Damages

CMS's alleged damages of "over $100 million dollars" are speculative, concocted, and lacking in any foundation in law or fact.

### DEMAND FOR JURY TRIAL

GEICO demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, GEICO prays for the following relief:

A.  judgment in favor of GEICO and against CMS on each count of the Complaint;

B.  an award of GEICO's reasonable attorneys' fees and costs incurred in defending this action; and

C.  such other and further relief as the Court deems appropriate.

Date:  May 4, 2016

Respectfully submitted,

  /s/  Charles D. Ossola

Clifford Thau, Esq.
Marisa Antos-Fallon, Esq.
**VINSON & ELKINS LLP**
666 Fifth Avenue, 26th Floor
New York, NY  10103
Tel:  (212) 237-0000
Fax:  (212) 237-0100
cthau@velaw.com
mantosfallon@velaw.com

Charles D. Ossola, Esq. (*pro hac vice*)
Matthew J. Ricciardi, Esq. (*pro hac vice*)
**VINSON & ELKINS LLP**
2200 Pennsylvania Avenue NW
Suite 500 West
Washington, DC  20037
Tel:  (202) 639-6500
Fax:  (202) 639-6604
cossola@velaw.com
mricciardi@velaw.com

*Counsel for Government Employees Insurance Company*

## **CERTIFICATE OF SERVICE**

      I certify that on May 4, 2016, a true and correct copy of the Defendant Government Employees Insurance Company's Answer and Affirmative Defenses to Plaintiff's Complaint was filed and served on all counsel of record by electronic delivery via the Court's ECF system.

Dated: May 4, 2014

                                                                       */s/ Charles D. Ossola*
                                                                        Charles D. Ossola