# COLLEN IP
INTELLECTUAL PROPERTY LAW

Telephone (914) 941-5668
Facsimile (914) 941-6091
www.collenIP.com

August 22, 2016

**VIA ELECTRONIC CASE FILING (ECF)**
Hon. Steven I. Locke
Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    *Capricorn Management Systems, Inc v. Gov't Employees Insurance Co.*
      Case No.:    2:15-cv-2926 (DRH) (SIL)

Dear Judge Locke:

      I write on behalf of Plaintiff Capricorn Management Systems, Inc. ("Capricorn" or "Plaintiff"). Pursuant to Local Rule 7(d) and Your Honor's Individual Practice Rules, Plaintiff hereby respectfully submits this response to GEICO's letter motion (D.E. 35).

**Paragraph 6**

      The provisions suggested by GEICO in paragraph 6 are overly restrictive and are intended to deprive Capricorn of discovery to support its case.

      Among the issues in this case is GEICO's misappropriation of Capricorn's trade secrets, including software code. A comparison of Capricorn's and GEICO's source code is highly relevant. GEICO seeks to severely hamper Capricorn's ability to compare by restricting reviewers to any handwritten notes the reviewers may prepare, and forbidding the reviewers from transcribing <u>any</u> portion of the source code verbatim. Capricorn cannot reasonably be expected to make the necessary comparisons from mere handwritten notes.

      GEICO's letter motion (D.E. 35) claims its source code is contained in 29,000 different files totaling more than one billion bytes of data. Given the sheer size of the source code at issue, GEICO's further proposed limitation that portions of the source code which may be designated for production cannot exceed fifty (50) total pages and contains no more than twenty five (25) consecutive lines is extremely limiting. Such production would amount to an infinitesimal amount of the source code. The limitation to twenty five (25) consecutive lines of code is approximately two thirds (2/3) of a page, single spaced. Such restrictive conditions only impede Capricorn's ability to properly inspect in a time and cost efficient manner. Software tools installed could reduce the amount of time necessary for review, but GEICO's proposal limits their use and time-saving functionalities--output, history, highlights, shortcuts or other features of the software will be limited to review on the computer, only logged by handwritten notes (without verbatim copying). To the extent that Defendant's proposal increases the amount of time necessary for expert and source code review, such costs should be borne by GEICO.

      GEICO's proposal also does not provide for deletion of work product of the Receiving

1

Party's reviewers, following conclusion of the inspection. Search histories, search terms, and metadata related to the searches conducted by reviewers would remain on the reviewing computer and are work product of the Receiving Party. Inexplicably allowing access to the Producing Party would grant it an open window into the minds of the reviewers and into the Receiving Party's case strategy, granting the Producing Party an unfair advantage in this case. Capricorn's paragraph 6 includes provisions for deleting such data and the software tools (which are paid for by the Receiving Party) to protect against potential disclosure of work product.

"[T]he basic purpose of discovery is to elicit facts and information and to obtain production of documents..." *Napolitano v. Synthes USA, LLC*, 297 F.R.D. 194, 198 (D. Conn. 2014) *quoting* 7 James Wm. Moore, Moore's Federal Practice, §36.02[1] at 36-5 (3d ed. 2012). Protective Orders are intended to facilitate discovery by providing a framework for exchanging information and documents, while protecting confidential and sensitive information from public disclosure. *See e.g. Brookdale Univ. Hosp. & Med. Ctr., Inc. v. Health Ins. Plan of Greater N.Y.*, 2008 U.S. Dist. LEXIS 78933, *10 (E.D.N.Y. 2008)("the Protective Order was executed to facilitate the exchange of discovery necessary to litigate this action."). GEICO's proposed paragraph 6 language frustrates the purpose of discovery and is intended to impede Capricorn from discovering relevant evidence. Moreover, GEICO's proposal tries to exact a high and improper price upon Capricorn to "permit" it to engage in discovery.

The Court should adopt Capricorn's version of paragraph 6. Capricorn remains amenable to other reasonable alternatives for paragraph 6, provided that such alternative language enables it to obtain the discovery necessary to litigate its claims in a time and cost efficient manner that maintains confidentiality and protects its work product.

**Paragraph 7(b)**

GEICO offers little to support its claims that inside counsel should be permitted access to Capricorn's Highly Confidential materials. Mr. Shafner's co-pending positions as Assistant Vice President and Assistant Secretary of GEICO suggest that he may be a decision maker and thus should not be permitted to access Highly Confidential material. *See Norbrook Labs. Ltd. v. G.C. Hanford Mfg. Co.*, 2003 U.S. Dist. LEXIS 6851 (N.D.N.Y 2003) (inside counsel serving as corporate secretary and member of board denied access to Confidential/Attorneys Eyes Only material); *Sullivan Mktg. v. Valassis Communications*, 1994 U.S. Dist. LEXIS 5824 *7-8 (S.D.N.Y. May 5, 1994)(where in-house counsel also served as corporate secretary, he was deemed to be sufficiently involved in competitive decision-making so as to preclude him from access to documents relating to pricing and market strategies).

GEICO's declarations do not indicate whether their hard copy and electronic files are accessible to GEICO's entire legal unit. The declarants' statements are carefully worded to say the hard copy and electronic files are not accessible to GEICO's business units, but fail to mention whether the Information Technology (IT) unit may have access to their hard copy and electronic files. The IT unit is likely involved with the development and implementation of software at GEICO. This lack of information raises doubts about the potential for disclosure of Capricorn's Highly Confidential materials to others at GEICO. Such doubts outweigh any alleged need by GEICO's inside counsel to Highly Confidential materials.

Hon. Steven I. Locke
August 22, 2016
Page 3 of 3 – K883

Indeed, GEICO has offered nothing more than conclusory assertions about Ms. Vaughn's and Mr. Shafner's need for access to Capricorn's Highly Confidential materials to manage the instant litigation. Such bald statements are insufficient to warrant access to Capricorn's Highly Confidential materials. *See Vesta Corset Co. v. Carmen Founds., Inc.*, 50 U.S.P.Q.2D (BNA) 1219, 1221 (S.D.N.Y. 1999) (limiting defendant's access of plaintiff's sensitive information to outside counsel and experts because defendant failed to show why limiting access to outside counsel and experts is inadequate to litigate its case); *Intel Corp. v. VIA Technologies, Inc.*, 198 F.R.D. 525, (N.D. Cal. 2000) (in-house counsel failed to establish good cause for modifying protective order prohibiting her from access to competitive information, where she asserted she needed the information to manage outside counsel more effectively, but failed to show that the ability to litigate with outside counsel would be impaired by her lack of access to the information). GEICO has not established it will be prejudiced in presenting its case if its inside counsel cannot access Highly Confidential materials. Like the inside counsel in the *Sullivan Mktg.* case, "[t]he prejudice that [defendant] would suffer from the more restrictive confidentiality order would be minimal. Outside counsel has been involved in this litigation from the beginning and is fully familiar with the facts." 1994 U.S. Dist. LEXIS 5824 at *10. GEICO's outside counsel is capable of advising it regarding relevant issues, minimizing the need for in-house counsel's review of Highly Confidential information while also minimizing the risk of inadvertent disclosure. Any prejudice to GEICO is minimal.

Capricorn's proposal keeps the playing field even. Capricorn does not have in-house counsel, nor is it anywhere near the size of GEICO. Under Capricorn's plan, employees and principals of the parties would not have access to Highly Confidential material. Ms. Vaughn's and Mr. Shafner's assertions that they will uphold the Protective Order are insufficient to offset the risk of inadvertent disclosure of Capricorn's information. As noted in *Intel Corp.*, 198 F.R.D. at 530-531, "it is not possible for counsel to 'lock-up trade secrets' in their minds." There is a risk that Ms. Vaughn or Mr. Shafner may inadvertently divulge Capricorn's Highly Confidential information to GEICO personnel (including the IT unit). Given the claims at issue in this case—namely GEICO taking Capricorn's protected and valuable work product and developing a competing product—such a risk would compound Capricorn's injuries.

Alternatively, Capricorn proposes one or two representatives (attorneys or non-attorneys) from each Party have access to Highly Confidential material pursuant to the Non-Disclosure Agreement in force between the parties. GEICO's declarants claim their need for Highly Confidential material is essential "to evaluate the merits of Capricorn's claims and GEICO's defenses and instruct outside counsel." The same could be said for Capricorn's principals. GEICO cannot hide behind its enormous size to leverage advantages over a much smaller entity.

Accordingly, Capricorn respectfully submits that the Court should adopt its iteration of Paragraph 7(b).

Very truly yours,
COLLEN IP

*[signature]*

Thomas P. Gulick

CC: Counsel of Record (via ECF)
JMC/TPG/OG:ces