IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP DIVISION

| | |
|---|---|
| CAPRICORN MANAGEMENT SYSTEMS, INC.<br><br>Plaintiff,<br><br>v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY,<br><br>Defendant. | Case No. 2:15-cv-2926 (DRH) (SIL) |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED, pursuant to Fed. R. Civ. P. 26, by and between the parties hereto by their undersigned counsel and subject to the approval of the Court, that the following Stipulated Protective Order ("Order") shall govern the handling of discovery materials, including documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other materials produced, given or exchanged by and among the parties and any non-parties in connection with discovery in this action (collectively, "Information"):

1. Information designated as "Confidential" or "Highly Confidential" under this Order shall be used solely for purposes of the preparation and trial of this action (the "Litigation") and any related appellate proceeding and for no other purpose, including without limitation any commercial or business purpose, absent the prior written consent of the Producing Party (as defined in Paragraph 2) or leave of the Court. In designating discovery material as "Confidential" or "Highly Confidential," a party or non-party certifies in good faith that such material is within the scope of Fed. R. Civ. P. 26(c).

1

2. The term "Producing Party" shall mean any party or non-party who produces or discloses Information in the Litigation. The term "Receiving Party" shall mean any person to whom such Information is produced or disclosed in the Litigation.

3. Information may be designated "Confidential" by any Producing Party if the Information reflects, refers to or evidences (a) confidential technical Information, scientific data, technical drawings, plans, or sketches; (b) confidential product or process Information; (c) confidential business plans, forecasts, or data; (d) confidential financial plans, forecasts, or data; (e) confidential operational plans, forecasts, or data; (f) confidential commercial, financial, customer, personnel, or personal Information; or (g) any other Information deemed confidential by federal case law, statute, or regulation. The designation shall be made at the time of delivery of the Information to the Receiving Party. The designation shall be made by stamping or writing the words "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on each page of the Information delivered to the Receiving Party.

4. Information that qualifies for designation as "Confidential" may be designated "Highly Confidential" if the Producing Party deems the Information to be particularly sensitive, such that even its limited disclosure to the Receiving Party in connection with the Litigation would cause the disclosing party harm due to the particularly sensitive nature of the information, including, but not limited to, risk the loss of a significant competitive advantage (*e.g.*, current and highly confidential scientific research, business plans, methods, contacts, or strategies), or causing harm of the kind specified in Rule 26(c)(1). The designation shall be made at the time of delivery of the information to the Receiving Party. The designation shall be made by stamping or writing the words "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on each page of the Information delivered to the Receiving Party.

5. Counsel for any party may designate a deposition or other testimony as "Confidential" or "Highly Confidential" at the deposition or within ten business days after receipt of a transcript of the testimony, by sending to counsel for each party a written list of the specific portions as to which confidential status is claimed. All deposition testimony shall be treated as Highly Confidential until the expiration of ten business days after receipt of the transcript by counsel for the Producing Party, and, if the written list is sent to counsel, shall thereafter be treated as designated in the list.

6. Computer program source code and database schema (collectively, "Source Code") may, at the election of the Producing Party and in lieu of production to the Receiving Party, be made available for inspection by the Receiving Party in the New York office of the Producing Party's outside counsel of record in this action, or another mutually agreeable location, during normal business hours and with reasonable notice. Source Code shall be designated as "Highly Confidential" Information and only those individuals otherwise authorized to receive Highly Confidential Information may inspect the Source Code. Source Code shall be made available on a dedicated Source Code review computer together with software tools installed by the Producing Party as reasonably requested, and if necessary purchased, by the Receiving Party. Other than the Source Code review computer, no electronic or photographic devices shall be permitted in the Source Code inspection room. Individuals performing the inspection may take handwritten notes but may not copy any portion of the Source Code verbatim. Such handwritten notes shall be protected work product, not subject to discovery by the Producing Party, and may be retained by the Receiving Party, provided, however, that they are labeled and handled as Highly Confidential Information. The Receiving Party may also designate specific portions of Source Code not exceeding a reasonable number of total pages and containing no more than a reasonable number of consecutive

3

lines of Source Code for production by the Producing Party to the Receiving Party. The Parties shall work together in good faith to agree on the bounds of reasonableness in this context. However, should the parties fail to agree upon the reasonable amount of specific Source Code to be produced, and only after a good faith negotiation between counsel to reach such an agreement, each party reserves the right to seek relief from the Court to determine, after hearing, the reasonable amount of Source Code to be produced by the Producing Party. Whatever the "reasonable" amount of specific Source Code to be produced by the Producing Party to the Receiving Party, such production shall be marked "Highly Confidential" before it is produced to the Receiving Party. During the inspection, the results and output of any software review tools, which will only be available on the review computer, shall be maintained as attorney work-product; without prejudice, however, to the right of the Producing Party to apply to the Court, pursuant to Rule FRCP 26 or any other applicable rule, to obtain access to such "attorney work product," in whole or in part, in further proceedings in this Court. The "reasonable" amount of specific Source Code to be produced by the Producing Party shall not under any circumstances be considered or treated as "attorney work product" of the Reviewing Party. Upon completion of the inspection, the Receiving Party maintains the right to delete the reviewing software tools.

7. Information designated as "Confidential" and "Highly Confidential" and any summaries or reproductions of the Information shall be inspected or used solely by the following individuals:

(a.) In the case of "Confidential" Information, (1) counsel for the parties (including retained outside counsel and in-house counsel) and persons in their employ who are assisting in the conduct of the Litigation, and (2) up to five party representatives to assist that party's counsel's prosecution or defense of this Action to be designated by each

party, each of whom has been identified in accordance with Paragraph 10 and has first signed an undertaking in the form of Exhibit A ("an Undertaking");

    (b.)    In the case of "Highly Confidential" Information:

    (i) retained outside counsel of record for the parties;

    (ii) persons in the employ of such retained outside counsel who are assisting in the conduct of the Litigation;

    (iii) With respect to defendant Government Employees Insurance Company ("GEICO") only, two designated in-house counsel for GEICO, namely, Shelley M. Vaughn and Jonathan L. Shafner; provided, however, that such in-house counsel for GEICO may not retain Highly Confidential Information, but may only view and discuss it in the offices of GEICO's outside counsel;

    (iv). Outside experts retained to testify at trial or outside consultants retained or engaged by a party in preparation for trial (collectively, "Consultants") and persons in their employ who are assisting in the conduct of the Litigation, each of whom has been identified in accordance with Paragraph 11 and has signed an Undertaking;

    (v). The Court, including any appellate court and Court personnel assisting the Court in its adjudicative functions;

    (vi). Persons who either prepared or previously received or had lawful access to the Information;

(vii). Stenographic reporters or video operators engaged by a party for purposes of the Litigation who shall be informed of the terms of this Order and agree on the record to comply with same;

(viii). Outside photocopying, translation, document management, and exhibit preparation services engaged by a party for purposes of the Litigation, provided that an officer or other duly authorized representative of the person or entity providing such services first signs the Undertaking on behalf of him/herself and/or his/her organization and ensures that all others within the organization working on the project comply with the terms of this Order; and

(ix). Any person whom the Producing Party agrees in writing or on the record at a deposition may be shown the Information.

Counsel making disclosures as permitted herein will be responsible for informing the recipients of Confidential and Highly Confidential Information of the terms of this Order at the time of disclosure and that they will be subject to the terms of this Order, and for obtaining the prior signed acknowledgment in the case of persons required to sign the Undertaking as set forth above.

8. Notwithstanding the provisions of Paragraph 6, this Order shall not (a) prevent any Producing Party from using or disclosing its own Confidential or Highly Confidential Information as it deems appropriate; (b) preclude any party from showing an employee, officer, or Consultant of a Producing Party at a deposition of that employee, officer, or Consultant any Information provided by the Producing Party; and (c) preclude or limit any party from the lawful use of any Information lawfully obtained from a source other than the Producing Party and without the use of Confidential or Highly Confidential Information.

9. However, the restrictions set forth in the proceeding paragraphs on use of designated Information shall not apply to Information that:

(a.) was, is, or becomes public knowledge, in a manner not in violation of this Order, provided that the Party believing the Information is public knowledge first gives five (5) business days' notice of same to the producing party before making any public use, disclosure, or filing of said Information;

(b.) is acquired by the Receiving Party from a third party, who has acquired such Information lawfully and not in breach of any agreement with a party to this Litigation, and has the right to disclose such Information;

(c.) was lawfully possessed by the Receiving Party prior to receipt from the producing party.

10. Acceptance of Information designated as "Confidential" or "Highly Confidential" shall not constitute an admission by the Receiving Party or evidence that the Information is, in fact, appropriately designated as Confidential or Highly Confidential, and the Receiving Party may at any time request that the Producing Party or the Court reclassify (a) Highly Confidential Information as either Confidential Information or non-confidential Information; or (b) Confidential Information as non-confidential information. Information designated "Confidential" or "Highly Confidential" shall maintain that designation for all purposes unless and until (a) the Producing Party agrees to redesignate the Information, or (b) the Court orders otherwise. If the parties do not agree to a requested reclassification the Receiving Party may move the Court for such reclassification and the burden of proof in any such motion challenging the designation of Information as "Confidential" or "Highly Confidential" shall be on the Producing Party to justify the appropriateness of the designation. If Information of a Producing Party is disclosed by the Producing Party, it shall not be stripped of its designation as

7

"Confidential" or "Highly Confidential" as long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information and does not result in the information becoming public knowledge as provided in paragraph 9.

11. Before a party may afford a Consultant or a party representative access to another party's Confidential or Highly Confidential Information, the identity and current resume or curriculum vitae of the Consultant or party representative shall be furnished to the other party. The other party will then have five (5) business days to object, in writing, to the Consultant or party representative being shown the Information. The written objection shall include the basis for the objection. The parties shall then confer, promptly and in good faith, to resolve the dispute. If the parties are unable to resolve their differences, the party seeking to make the disclosure of the Information to the Consultant or party representative may apply to the Court for appropriate relief. The burden in such an application to the Court is on the objecting party to demonstrate good cause why Confidential or Highly Confidential Information should not be shown to a designated Consultant or party representative. During the time the Court considers the request, the Confidential or Highly Confidential Information at issue shall not be shown to the Consultant or party representative.

12. All signed Undertakings shall be retained by counsel for the party employing the Consultant or counsel for the party representative who signed the Undertaking. Counsel shall keep in their files for a period of two years after the conclusion of the Litigation the originals of all signed Undertakings.

13. This Order is not intended to change the procedure by which any discovery of Consultants proceeds under the Federal Rules of Civil Procedure, including Rule 26(b)(4), except that any Confidential or Highly Confidential Information used or relied upon by a

8

Consultant shall not lose its status or protection solely because it is used or relied upon by the Consultant.

14. To the extent that a party desires to file any Confidential or Highly Confidential Information with the Court, that party shall follow and comply with all federal rules and local court rules and shall at a minimum place on the top front page of any letter, brief or other filing the legend "CONTAINS CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER" and ensure such Information is filed only under seal, *in camera*, or in a manner otherwise unavailable to the public. Applications to file documents under seal must be made pursuant to Administrative Order 2004-05.

15. If a party or Consultant in possession of Confidential or Highly Confidential Information receives a subpoena from a non-party to the Litigation seeking production or other disclosure of the Information, that party or Consultant shall give written notice to counsel for the Producing Party within three (3) business days after such receipt identifying the Information sought and providing the Producing Party a copy of the subpoena. In no event, absent a court order, shall production or disclosure of the Confidential or Highly Confidential Information be made before notice is given to the Producing Party. This Order shall not be construed as requiring the Receiving Party to seek relief from the subpoena or to challenge or appeal any order of a court of competent jurisdiction requiring production of the Information at issue.

16. The parties shall instruct all court reporters employed by them in the Litigation that no copy of any transcript of any deposition taken by any party which is designated in part or in whole as Confidential or Highly Confidential Information shall be prepared for, or furnished by the reporter to, any person other than to counsel for the parties and the deponent or his or her counsel.

17. This Order shall not prevent any Producing or Receiving Party from applying to the Court for further or other protective orders or for modifications of this Order.

9

18. Nothing in this Order is intended to modify, alter, change, supersede or replace the obligations of the Parties under their Confidentiality and Non-Disclosure Agreement of August 23, 2005, as applicable to Information produced outside the scope of this Litigation. This Order is not intended to be a novation of the Confidentiality and Non-Disclosure Agreement of August 23, 2005. Nothing contained in this Order may be used to interpret or give meanings or definitions to any of the terms of the Confidentiality and Non-Disclosure Agreement of August 23, 2005.

19. Within sixty (60) days after the final termination of the Litigation, including all appeals, all persons subject to this Order shall destroy all Confidential and Highly Confidential Information, or shall return the Information to the Producing Party. Notwithstanding the prior sentence, each law firm representing a party or a deponent may keep and not destroy one copy of all court pleadings and briefs containing Confidential and Highly Confidential Information, one copy of all deposition transcripts containing the Information, and copies of documents incorporating or referring to the Information which are inextricably intermingled with attorney work product. All documents retained by counsel shall remain subject to this Order. The Court shall retain jurisdiction to enforce this Order after the termination of the Litigation.

20. If Confidential or Highly Confidential Information is disclosed to any person other than in a manner authorized by this Order, the person responsible for the disclosure shall upon discovery of the disclosure immediately inform the person whose Information is disclosed, and shall work in good faith with that person to retrieve the Information. This paragraph shall not limit the rights and remedies of the person whose Information was disclosed.

21. This Order shall not constitute (a) an agreement to produce any Information; (b) a waiver of any right to object to any discovery request; and (c) a waiver of any claim of immunity or privilege.

22. The inadvertent or mistaken disclosure of any Confidential or Highly Confidential Information by a Producing Party, without the designation required under Paragraphs 3 and 4, shall not constitute a waiver of any claim that the Information is entitled to protection under this Order, if the inadvertent or mistaken disclosure is brought to the attention of the Receiving Party promptly after the Producing Party's discovery of the disclosure. Along with notice of inadvertent or mistaken disclosure, the Producing Party shall provide properly marked Information to each party to whom the Information was disclosed. Upon receipt of the properly marked Information, the Receiving Party shall return to the Producing Party, or destroy, the improperly marked Information that was initially produced and shall take all reasonable steps to retrieve any copies of the previously undesignated or improperly designated information and to inform the recipients not to use the improperly designated Information for any purpose.

23. If a party inadvertently produces Information or provides discovery which it believes is subject to a claim of attorney-client or work product privilege, the Producing Party may give written notice to the Receiving Party that the Information is subject to a claim of privilege and request that the Information be returned to the Producing Party. Upon receipt of such notice, the Receiving Party shall promptly destroy or return the Information to the Producing Party, but may keep one copy solely for the purpose of presenting to the Court within 14 days of receipt of the written notice any issue that the information should not be deemed attorney-client privilege or work product materials, and no waiver shall be deemed to have occurred unless and until the Court rules on the Receiving Party's application. If the Receiving Party does not make such application within 14 days of receipt of the written notice, or such other time as the parties may agree, then the Receiving Party shall return the one copy retained for this purpose, and no waiver shall have occurred. The return of the Information by the Receiving Party shall neither constitute an admission or concession, or permit any inference, that

11

the Information is, in fact, properly subject to a claim of privilege, nor foreclose any party from moving the Court for an order that the Information has been improperly designated or should be produced for reasons other than a waiver caused by the inadvertent production. Inadvertent disclosure of material protected by the attorney-client privilege or the work product doctrine shall be handled in accordance with Federal Rules of Evidence 502.

24. This Order may be amended by the agreement of counsel for the parties in the form of a written amendment signed by counsel and filed with the Court for approval. Such amendment shall be effective only upon endorsement by the Court.

25. Upon execution hereof by the parties of record, such parties agree to be bound by this Order pending the entry of this Order by the Court, and any violation of this Order's terms shall be subject to the same sanctions and penalties as if this Order had then been entered by the Court.

26. In the event that any Confidential or Highly Confidential Information is used in any court proceeding in the Litigation or any appeal therefrom, the Information shall not lose its status by reason of such use. Counsel shall confer on the procedures required to protect the confidentiality of the Information used in the court proceeding and seek appropriate protective measures from the Court.

27. If a party seeks discovery from a third party, the third party shall be entitled to all of the protection and benefits that a Producing Party has under this Order.

/s/ Charles D. Ossola
Charles D. Ossola
Hunton & Williams, LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037
Tel: (202) 995-1500
Fax: (202) 778-2201
Email: cossola@hunton.com

- and –

Joseph J. Saltarelli
Joshua S. Paster
Hunton & Williams LLP
200 Park Avenue
New York, New York 10166
Tel: (212) 309-1000
Fax: (212) 309-1100
Email: jsaltarelli@hunton.com
Email: jpaster@hunton.com

- and –

Matthew J. Ricciardi
Vinson & Elkins LLP
2200 Pennsylvania Avenue, NW
Suite 500w
Washington, DC 20037
Tel: (202) 639-6784
Fax: (202) 639-6604
Email: mricciardi@velaw.com

*Attorneys for Government
Employees Insurance Co.*

Dated: Central Islip, New York

/s/ Thomas P. Gulick
Thomas P. Gulick
Collen IP
80 South Highland Avenue
Ossining, New York 10562
Tel: (914) 941-5668
Fax: (914) 941-6091
Email: tgulick@collenip.com

- and-

Jess M. Collen
Collen Law Associates, P.C.
The Holyoke-Manhattan Building
80 South Highland Avenue
Ossining, New York 10562
Tel: (914) 941-5668
Fax: (914) 941-6091
Email: jcollen@collenlaw.com

- and -

Richard C. Shoenstein
Tater Krinsky & Drogin LLP
1350 Broadway
New York, New York 10018
Tel: (212) 216-8000
Fax: (212) 216-8001
Email: rschoenstein@tarterkrinsky.com

*Attorneys for Plaintiff
Capricorn Management Systems, Inc.*

**SO ORDERED:**

_____
STEVEN I. LOCKE
United States Magistrate Judge

## EXHIBIT A

### PROTECTIVE ORDER UNDERTAKING

[Name and Address of
Proposed Recipient of
Confidential Material]

Re:   Capricorn Management Systems, Inc. v Government Employees Insurance Company,
      Case No. 2:15-cv-2926 (DRH) (SIL), U.S. District Court, Eastern District of New York

Dear Counsel:

You have proposed to disclose to me information or material which has been designated as "Confidential" or "Highly Confidential" in the referenced litigation. This will acknowledge:

a.   I acknowledge that I have read and understood the Stipulated Protective Order (the "Order") in the referenced action.

b.   I agree to comply with the Order in all respects. I also understand that any violation of said Order by me or anyone acting under my direction will subject me to appropriate penalties.

c.   I hereby submit to the jurisdiction of the United States District Court for the Eastern District of New York for adjudication of any dispute about whether I have complied with the Order.

_____
[Signature of Proposed Recipient
of Confidential Material]

68026.000006 EMF_US 62454610v1