

Tarter Krinsky & Drogin LLP
1350 Broadway
New York, NY 10018
P 212.216.8000
F 212.216.8001
www.tarterkrinsky.com

*Richard C. Schoenstein, Partner*
212.216.1120
rschoenstein@tarterkrinsky.com

June 7, 2018

*Via ECF*

Magistrate Judge Steven I. Locke
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

> Re: *Capricorn Management Systems, Inc. v. Government Employees Insurance Co., 15-cv-02926-DRH-SIL*

Dear Magistrate Judge Locke:

We represent Plaintiff Capricorn Management Systems, Inc. ("Plaintiff") in the above-captioned action and we write to oppose the application of Defendant Government Employees Insurance Co. ("GEICO") to adjourn the June 18, 2018 Pre-Trial Conference.

It is normal push-and-pull that a plaintiff in a lawsuit wishes to proceed to trial promptly and the defendants would prefer to wait. Such is life in the judicial system. But here we have a 3+ year-old dispute and 80+ year-old clients. We do not yet know if Judge Hurley will approve the filing of Defendants' motions or, if he does, what the schedule to determine them will be. In all events, we think it prudent at this time to proceed with the Pre-Trial Conference.

The date for the Pre-Trial Conference was set in the Scheduling Order entered by Your Honor on July 19, 2017, and was more recently referenced in our letter to Your Honor dated March 14, 2018, wherein Plaintiff requested that a final trial date be set as promptly after the Pre-Trial Conference as possible. GEICO opposed that request – as it has opposed every effort to speed up this case – and Judge Hurley ultimately issued a docket entry stating that a trial date would not be set until after discovery is completed and a pre-trial order is filed. At no time in that exchange did GEICO suggest the Pre-Trial Conference itself should be moved.

Accordingly, Plaintiff has been preparing for the June 18 conference. The Scheduling Order requires that a joint proposed pre-trial order be submitted if required by the trial judge and, because Judge Hurley does require one, we sent an initial draft pre-trial order to Defendants two days ago. Plaintiff also anticipated, as set forth in the Scheduling Order, that there would be "[m]eaningful settlement discussions" at the conference, with "clients or other persons with full settlement authority … available by telephone."

Hon. Steven L. Locke
June 7, 2018
Page 2 of 2

    Only yesterday did Defendants object. And only yesterday, after we provided a draft pre-trial order in an effort to meet and confer before submitting it to the Court next week, did Defendants seek an adjournment of the conference. Counsel's letter states that our draft pre-trial order was "facially deficient" because it did not include full lists of deposition designations and exhibits, but fails to inform the Court that the form we sent included placeholders for those very items and the suggestion that each party could submit their input before we send the proposed order to Your Honor next week. We assumed that everyone has been working on this.

    Instead, three years into this matter and with discovery finally closed, and less than two weeks before the Pre-Trial Conference, Defendants ask now to put off the conference until such time as their purported dispositive motions are decided by the Court, whenever that might be. Undoubtedly, they hope it will be a long time from now. Having already substantially delayed the case already with an initial motion to dismiss that was denied by the Court and with an insistence on a complicated source-code review process prior to meaningful discovery, Defendants seek to push off any further progress in moving the case along. We respectfully submit that this request is purely a dilatory tactical move that should be rejected. As we indicated in our letter opposing Defendants' request for leave to file a motions for summary judgment and sanctions (Docket No. 93), those proposed motions are without merit and are unlikely to narrow at all the issues for trial herein. (That letter also referred again to the pending Pre-Trial Conference and, again, there was no response or objection from Defendants at that time.)

    We recognize that the Scheduling Order was set by Your Honor and that, ultimately, any decisions on whether or not to go forward with a conference on June 18 and the topics to be discussed at that conference rest with Your Honor's discretion. We also recognize that, as he previously ruled, the settling of an actual trial date is a matter for Judge Hurley in any event. Because discovery is now closed and there is no active motion practice, Plaintiff respectfully submits that this is an ideal time to contemplate the matters to be tried in this case, make progress on a pre-trial order to the extent possible, and discuss with Your Honor the potential for settlement. Given all of that, Plaintiff respectfully requests that we proceed with the Pre-Trial Conference as set forth in the Scheduling Order.

    Plaintiff appreciates the Court's attention to this matter.

                                        Respectfully submitted,

                                        Richard C. Schoenstein

cc:    All Counsel of Record (by ECF)