

Tarter Krinsky & Drogin LLP
1350 Broadway
New York, NY 10018
P 212.216.8000
F 212.216.8001
www.tarterkrinsky.com

*Richard C. Schoenstein, Partner*
212.216.1120
rschoenstein@tarterkrinsky.com

October 10, 2018

*Via ECF*

Magistrate Judge Steven L. Locke
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722

> Re: *Capricorn Management Systems, Inc. v. Government Employees Insurance Co., 15-cv-02926-DRH-SIL*

Dear Magistrate Judge Locke:

      We represent Plaintiff Capricorn Management Systems, Inc. ("Plaintiff") in the above-captioned action and we write to oppose the application of Defendants Government Employees Insurance Co. and Auto Injury Solutions, Inc. ("Defendants") to extend their time to submit reply papers on Defendants' motion for summary judgment and to file a brief in excess of the Court's page limits.

      Pursuant to the Scheduling Order set by this Court (ECF Doc. No. 75), expert discovery in this matter closed on April 30, 2018 and summary judgment motion practice commenced May 18, 2018.  The briefing schedule ultimately agreed to by the parties and ordered by the Court required motions to be served on July 31, oppositions on September 25, and replies on October 23, 2018.  Defendants ultimately served **three motions** on July 31 – each with their own affidavits, exhibits and other supporting papers.  Despite the complexity, Plaintiff complied with the schedule and with the Court's 25-page limit for opposition memoranda of law.  We would have liked more time and more pages – most litigants would – but Plaintiff stuck to the agreed-upon parameters.

      Defendants do not justify altering this ample schedule or changing the Court's rules governing the papers.  The defense firms on this case have more than 3,500 lawyers in their combined forces, and surely can write a reply brief in a month.  Defendants complain that there are nine "new" declarations – but most of those relate to the motion for sanctions.  As to the summary judgment motion, where Defendants seek a longer reply, there is only my declaration and a short declaration from Counterclaim-Defendant Dr. Charles M. Silberstein.  Defendants also point out that there are many exhibits attached to Plaintiff's papers, but the vast majority of those are deposition transcripts or exhibits, which have been "in the case" for many months.  There is nothing "new" that should have Defendants scrambling to get their reply paper done.

Hon. Steven L. Locke
October 10, 2018
Page 2 of 2

    Nor is there any justifiable need for additional pages. Defendants already had an opportunity to set forth their legal argument and do not specify any particular legal issues that require additional space.

    Accordingly, Plaintiff does not believe there is any justification to support Defendants' request. While we always endeavor to extend "professional courtesies" to opposing parties and their counsel, providing extra time and extra space to argue the merits of a summary judgment motion is far more than a mere courtesy. It would provide an inequitable tactical advantage to Defendants that lacks fundamental fairness.

    Moreover, we are informed by Defendants that they also intend to seek leave to file *another* motion for summary judgment, concerning certain copyrights that Defendants have known about since 2014, but which have never been asserted as a defense or issue in this case. We will deal with the substance (or lack thereof) of that motion when Defendants seek leave to bring it, but these unending efforts to preclude Plaintiff from getting to trial should not be countenanced. The fact record developed in discovery in this case is teeming with evidence – both documentary and testimonial – that Defendants used the operations, technology and systems of Plaintiff to build new systems for GEICO. It is not Plaintiff's fault that there are so many exhibits demonstrating the improper conduct of Defendants. At bottom, this matter is not appropriate for summary judgment under any theory.

    As we have mentioned before, given the age of this dispute (filed in 2015), and the age and physical condition of our clients, it is paramount that the case advance promptly to trial so that our clients may finally tell their story to a jury of their peers. Accordingly, we respectfully submit that the Court should deny Defendants' request and hold them to the date and page limits we all agreed upon at the outset of this motion practice.

                                               Respectfully submitted,

                                               Richard C. Schoenstein

cc:    All Counsel of Record (by ECF)