

HUNTON ANDREWS KURTH LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C  20037-1701

TEL   202 • 955 • 1500
FAX  202 • 778 • 2201


CHARLES D. OSSOLA
DIRECT DIAL: 202 • 955 • 1642
EMAIL: cossola@HuntonAK.com

October 11, 2018

FILE NO:  68026.6

**Via Electronic Case Filing**

Hon. Denis R. Hurley, U.S.D.J.
United States District Court
   for the Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722

Re:     *Capricorn Management Systems, Inc. v. GEICO*
          Case no. 2:15-cv-02926-DRH-SIL

Dear Judge Hurley:

This firm represents defendant Government Employees Insurance Company ("GEICO") in the subject civil action.  We write jointly for GEICO and co-defendant Auto Injury Solutions, Inc. ("AIS") (collectively, "Defendants") pursuant to Individual Practice Rule 3(B) seeking leave to file one additional summary judgment motion based on newly discovered and potentially dispositive evidence—the alleged "trade secrets" and confidential information at issue are open to public inspection at the U.S. Copyright Office and plaintiff Capricorn Management Systems, Inc. ("Capricorn"), put them there.

Contrary to its pleadings and sworn written discovery responses, Capricorn chose not to take advantage of Copyright Office procedures for redacting trade secret information and instead *publicly filed unredacted source code* for its Supercede software when applying for more than a dozen copyright registrations.  That source code, which was publicly filed by the same attorneys who later filed Capricorn's original Complaint, docket no. 1, substantially discloses the functionality now claimed by Capricorn as its trade secrets or confidential information.  Defendants seek leave to file a summary judgment motion to demonstrate that those public source code filings vitiate any trade secret or confidentiality claims asserted by Capricorn as a matter of law.

I.      **By publicly depositing its computer program source code in the U.S. Copyright Office, Capricorn destroyed any potential trade secret or confidentiality protections.**

"By definition a trade secret has not been placed in the public domain."  *Kewanee Oil Co. v. Bicron Corp.*, 416 U.S. 470, 484 (1974).  To state a claim for trade secret misappropriation under federal or Maryland law, the two statutes relied upon by Capricorn, the owner of the allegedly



Hon. Denis R. Hurley, U.S.D.J.
October 11, 2018
Page 2

trade secret information must have "taken reasonable measures to keep such information secret" and the information must "derive[] independent economic value, actual or potential, from … not being readily ascertainable through proper means…." 18 U.S.C. § 1839(3); Md. Code, Comm. Law § 11-1201(e). By statute, "articles deposited in connection with completed copyright registrations … shall be open to public inspection." 17 U.S.C. § 705(b). Source code "open to public inspection" at the Copyright Office is "readily ascertainable through proper means."

Recognizing that exposing computer program source code to public inspection would destroy any potential trade secret protection, the Copyright Office adopted regulations that permit trade secret portions of source code to be redacted. 37 C.F.R. § 202.20(c)(2)(vii)(A)(1). By choosing not to avail itself of that procedure, Capricorn made its Supercede source code publicly available, without redaction, and destroyed any trade secret or confidentiality protections that might otherwise have applied. *PaySys Int'l, Inc. v. Atos Se*, 2016 WL 7116132, at *8 (S.D.N.Y. 2016) ("depositing copies without redaction renders the deposited material publicly accessible and vitiates a trade secret claim"); *Mobile Active Defense, Inc. v. Los Angeles Unified School Dist.*, 2015 WL 12860491, at *5 (C.D. Cal. 2015) (preliminary injunction denied because plaintiff "fail[ed] to demonstrate a likelihood of success on the merits of its misappropriation of trade secrets claim" when allegedly trade secret source code deposited in Copyright Office was not "redacted in any way"); *Synopsys, Inc. v. ATopTech, Inc.*, 2013 WL 5770542, at *7 (N.D. Cal. 2013) (claims for misappropriation of trade secret computer software "fail" when unredacted source code is deposited in the Copyright Office "since that material is publicly accessible"); *KEMA, Inc. v. Koperwhat*s, 658 F. Supp. 2d 1022 (N.D. Cal. 2009) (claim for misappropriation of trade secret computer software dismissed on judicial notice of unredacted source code deposited in Copyright Office).

II.   **Capricorn's public source code filings disclose the allegedly trade secret and confidential functionalities of its Supercede software.**

Dr. Benjamin Goldberg, a tenured Associate Professor of Computer Science at New York University previously disclosed to Capricorn under FED. R. CIV. P. 26(a)(2), compared the Supercede source code deposited in the public record by Capricorn against the list of functionalities most recently identified as its misappropriated trade secrets and confidential information. Plf.'s Mem. Law in Opp. to Defts.' Motion for Summary Judgment, at 14–15 (served but not filed under the "Bundle Rule" on Sept. 25, 2018). In support of Defendants' proposed motion, Dr. Goldberg would submit a declaration establishing that those functionalities were substantially disclosed in Capricorn's public filings. With respect particularly to the Encovel fraud detection module, which has been proclaimed by Capricorn as one of its key "trade secrets" and a centerpiece of its case, Dr. Goldberg would opine that the public source code deposits include every essential feature now falsely claimed by Capricorn as trade secret and confidential information. *See, e.g.,* First Amended Complaint, docket no. 55, at ¶¶ 30–45.



Hon. Denis R. Hurley, U.S.D.J.
October 11, 2018
Page 3

### III. Capricorn misrepresented the public nature of its Supercede source code in discovery responses throughout this litigation.

Defendants have been aware that the Copyright Office issued copyright registrations to Capricorn, but Capricorn's false statements that its trade secrets remained confidential led Defendants to believe that Capricorn deposited only redacted source code with the Copyright Office, as permitted by its regulations. For example, Capricorn's original Complaint alleges, "Capricorn's Trade Secrets and related information … are held in confidence by Capricorn as a company trade secret" and "Capricorn does not disclose its Trade Secrets to anyone other than GEICO…." Docket no. 1, at ¶¶ 59, 60. Copyright Office records now prove those allegations were false. This cannot be an innocent mistake; the attorneys who filed Capricorn's original Complaint also publicly filed the source code deposits. Capricorn's Amended Complaint reiterated and expanded upon those false allegations. Docket no. 55, at ¶¶ 53–57.

Similarly, GEICO's Interrogatory no. 9 asked Capricorn to "identify every person to whom 'Capricorn's Trade Secrets' have been disclosed." Capricorn answered, and Dr. Silberstein verified, "Plaintiff's trade secrets have been disclosed to GEICO, GEICO's employees, Charles Silberstein, Judith Silberstein, Gerry DePace, Brock Anderson, and Mohamed Elmasri," with no mention of source code being publicly filed in the Copyright Office. In response to GEICO's Request for Production no. 17, Capricorn agreed to produce "documents concerning steps taken by Capricorn to protect and maintain the secrecy of 'Capricorn's Trade Secrets' alleged in Paragraphs 53–59 of the Complaint." Source code publicly filed in the Copyright Office by Capricorn itself would surely have been responsive as concerning the "secrecy" (or not) of Capricorn's trade secrets and confidential information, yet those filings were never produced.

Had Capricorn properly disclosed its public source code filings in discovery, Defendants would have immediately sought leave to file this motion. Instead, Defendants learned of the filings only recently through the fortunate happenstance of a "dotting every i" public records request during summary judgment proceedings. Capricorn should not be rewarded for (almost) successfully hiding the ball.

*     *     *

Defendants respectfully request entry of an order granting Defendants leave to file the proposed motion and referring the motion to Magistrate Judge Locke to set a briefing schedule and issue a report and recommendation, similar to Defendants' other pending motions. If a pre-motion conference would be helpful to the Court, counsel for Defendants would, of course, be pleased to appear at the Court's convenience, elaborate on the grounds for the proposed motion, and answer any questions. Counsel thanks Your Honor for his continuing consideration in this matter.



Hon. Denis R. Hurley, U.S.D.J.
October 11, 2018
Page 4

Respectfully submitted,

*/s/ Charles D. Ossola*

Charles D. Ossola

cc:     Counsel of Record (via CM/ECF)

68026.6 EMF_US 71048371