

Tarter Krinsky & Drogin LLP
1350 Broadway
New York, NY 10018
P 212.216.8000
F 212.216.8001
www.tarterkrinsky.com

*Richard C. Schoenstein, Partner*
212.216.1120
rschoenstein@tarterkrinsky.com

October 12, 2018

*Via ECF*

Hon. Denis R. Hurley, U.S.D.J.
United States District Court
   for the Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

    Re: *Capricorn Management Systems, Inc. v. Government Employees Insurance Co., 15-cv-02926-DRH-SIL*

Dear Judge Hurley:

  We represent Plaintiff Capricorn Management Systems, Inc. ("Capricorn") and write in opposition to Defendants' request to file a *fourth* pre-trial motion. Defendants previously obtained leave to file motions for summary judgment and sanctions, which they served along with a motion to strike expert testimony, all of which is almost done being briefed on the schedule set by Magistrate Judge Locke. GEICO now wants to bring a second summary judgment motion, premised on copyright filings that it has known about for *four years*. The request is barred by the schedule in this case, substantively without merit, and should be denied.

### GEICO Has Known About This Issue Since 2014, But Has Never Raised it in This Case

  As Defendants concede, the copyright filings at issue "are open to public inspection at the U.S. Copyright Office." GEICO has known about them since *November 19, 2014*, when they were identified *by their Registration Numbers* in an email from Capricorn's President, Dr. Charles Silberstein, to GEICO's Region 2 No-Fault Director, Robert Leone. This communication was maintained in GEICO's files, was produced in discovery in this case (GEICO0014105 – GEICO0014106) and was used at deposition (Plaintiff Deposition Ex. 79).

  Indeed, that email was part of an intense, months-long exchange of emails and letters between Capricorn and its counsel, and GEICO and its in-house and outside counsel regarding Capricorn's concerns that GEICO was misappropriating Supercede (Capricorn's claims management and reprising system that had been built and tailored for GEICO), which preceded this litigation. GEICO has alleged that it undertook a "months-long investigation" into the matter. GEICO Amended Counterclaims ¶ 9. Thus, GEICO had every opportunity to review the copyrights and raise any issue related to them at the time, or at any time after this action was commenced by Capricorn in May 2015, about six months later.

Despite knowing about the publicly filed copyrights since November 2014, GEICO never asserted them as a defense in this case. More broadly, GEICO has never asserted in any context that the copyrighted material permitted Defendants to use Supercede to build GEICO's "new" systems. GEICO did not pursue the issue in fact discovery (which closed on March 30) or refer to it in any expert reports (which were due by April 30). Only now – after Capricorn has served its extensive opposition papers on the three pending motions – do Defendants raise the issue. With pleadings, discovery and the commencement of a summary judgment motion all completed under the Court's scheduling orders, Defendants are barred from raising this new issue.

**Capricorn Did Not Mislead GEICO**

Looking to justify the failure to raise the issue previously, Defendants assert in bad faith a tortured argument that Capricorn "misrepresented the public nature of its Supercede source code in discovery …." But the copyright filings that Capricorn identified in 2014 were at all times *publicly available*. Therefore, GEICO could not possibly have been "misled" about the contents of those filings or their relation to Suprcede's source code, which was in GEICO's possession.

Defendants do not and cannot show any statements in pleadings or discovery responses discussing (much less misrepresenting) any copyrights. None of the document demands asked for copyright filings and, in any event, the parties agreed in this case to produce documents located in specified electronic searches – a procedure which Defendants demanded – and Capricorn produced all materials located. In any event, the November 2014 email in which Capricorn identified the copyright filings *was in fact produced in discovery and was in fact used as a deposition exhibit*.

At bottom, Defendants had unfettered access to the publicly filed copyrights and never asked anything further about them in discovery. Defendants' contention that Capricorn has somehow been "hiding the ball" is complete and utter nonsense. The ball was handed to GEICO in November 2014, and Defendants' decision not to run with it was squarely and entirely within their own control. There is no need for overtime.

**Defendants' Argument is Substantively Flawed**

Even if the argument was timely, the fact that portions of the Supercede source code were attached to copyright filings would not be dispositive in this matter. Those filings were made *after Defendants had already misappropriated Capricorn's trade secrets* (including the Encovel (or NCV) fraud detection module), so they would not diminish the claims in this case. Moreover, the copyright filings reflect only a portion of the logic used to generate certain reports. They do not contain or reflect the overall program control logic for Supercede or its presentation layer. The code, on its own, is not sufficient to replicate Supercede. Defendants do not contend otherwise in their letter. They refer to "unredacted source code" but neglect to inform the Court that the source code was also incomplete. At best, this is a fact sensitive issue that would result in competing evidence and dueling expert testimony, none of which is well suited for summary judgment.

As a matter of law, the filing of source code does not preclude trade secret protection, as the very cases cited by Defendants demonstrate. In *PaySys Int'l, Inc. v. Atos Se*, the Court did not base summary judgment on copyright filings – that was just one factor it considered in assessing source code that was 30 years old and had been "licensed widely … to people all over the world." 2016 WL 7116132, at *11 (S.D.N.Y. Dec. 5, 2016). In *Synopsys, Inc. v. ATopTech, Inc.*, the courts specifically stated that "[a]s to the question of whether Plaintiff's Copyright Office filings are covered by trade secret protection, the Court cannot make a broad finding at this point." 2013 WL 577054, at *7 (N.D. Cal. 2013). Here, Supercede was developed specifically and only for GEICO and was constantly modified over thirty years. Discovery revealed that GEICO and AIS duplicated Supercede's functionality by examining its screenshots, production databases and technical design details, by holding in-person demonstrations of the system, and by mapping it. The fact that portions of the Supercede code were included in copyright filings made by Capricorn to protect its rights does not detract from any of this. Again, it is certainly not a matter that can be decided on summary judgment.

As Capricorn has repeatedly explained (and does again in its summary judgment opposition papers), its case is not premised on source code. Capricorn alleges breaches of the Lease and Royalty Agreement and the Non-Disclosure Agreement entered into by the parties – none of which requires finding trade secrets or source code duplication. And Capricorn's trade secret claims allege that the ***system as an integrated whole*** amounted to a trade secret. The fact that some source code is attached to various copyright filings does not diminish these allegations. Accordingly, while Defendants are still searching for a meritorious defense, this argument is not one and could not dispose of the entire case under any circumstances.

### Addressing These Issues Now Would Require Fundamentally Altering These Proceedings

There are no copyright-based claims, counterclaims or defenses in this action. Allowing Defendants to pursue the new defense is unwarranted and would require reopening proceedings in a way that would unnecessarily complicate and prolong this 2015 case. At a minimum,

- Fact discovery would need to be reopened, to address Defendants' knowledge of the copyrights in 2014 and use of the attached source code, if any, including the production of additional documents and depositions of GEICO personnel involved in the 2014 "investigation," including in-house and outside counsel, and GEICO CEO Tony Nicely.

- Expert discovery would also need to be reopened, as Defendants' letter references many conclusions of Dr. Goldberg that are not contained in his expert report, and Capricorn would need leave to respond.

All of this is too much for a case that is almost three and a half years old and – pending determination of the pre-trial motions now being completed – is ready for trial. Defendants are really just looking to stall further, pushing back trial which they know is to the detriment of our clients, given their age and physical condition. The circumstances do not come close to supporting this level of disruption at this stage of the case.

Hon. Denis R. Hurley
October 12, 2018
Page 4 of 4

      For all of these reasons, Capricorn and Dr. Silberstein respectfully submit that Defendants' request for leave to file yet another pre-trial motion should be denied and this case should be advanced to trial at the earliest opportunity.

                                                Respectfully submitted,

                                               Richard C. Schoenstein

cc:      Counsel of Record (via CM/ECF)