

Tarter Krinsky & Drogin LLP
1350 Broadway
New York, NY 10018
P 212.216.8000
F 212.216.8001
www.tarterkrinsky.com

*Richard C. Schoenstein, Partner*
212.216.1120
rschoenstein@tarterkrinsky.com

November 8, 2018

**Via ECF**

Hon. Denis R. Hurley, U.S.D.J.
United States District Court
  for the Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      Re:    *Capricorn Management Systems, Inc. v. Government Employees Insurance Co.*, 15-cv-02926-DRH-SIL

Dear Judge Hurley:

      We represent plaintiff Capricorn Management Systems, Inc. ("Capricorn") in this action and we write in response to the letter today from counsel for defendants Government Employees Insurance Company ("GEICO") regarding the motions pending before the Court. We agree with counsel that clarification would benefit the parties and, in that regard, we add that the following matters should also be considered.

      In addition to the Motion to Strike (ECF No. 103), Motion for Sanctions (ECF No. 105) and Motion for Summary Judgment (ECF No. 107), GEICO has also moved to file 209 of the documents filed in connection with those motions under seal, and has filed three separate motions to seal, each with its own supporting papers, in that regard (ECF No's. 104, 106 and 109) (collectively, the "Motions to Seal"). GEICO did not give us advance notice of the 209 documents it would be seeking to seal, and their core basis for sealing seams to directly contradict their underlying theme that there are no trade secrets at issue in this case. In any event, we are currently analyzing the motions to determine whether or not, and to what extent, Capricorn will oppose them.

      In addition, GEICO's reply papers on the Motion for Summary Judgment contain a new argument concerning certain copyright filings. GEICO previously submitted a letter request for leave to bring a separate summary judgment motion regarding those public filings, which GEICO has known about for four years, and Capricorn contested that application (ECF Doc. Nos. 101 and 102). Your Honor has not ruled on that request. Nonetheless, GEICO addressed the argument in its reply papers on the current motion for summary judgment, submitting two new declarations (including one from a purported expert witness) and sixteen new exhibits (ECF Doc. No. 107, ##51-69), and discussing the issue in its reply brief (ECF Doc. No. 107, #49). These matters were not properly included in reply papers and should not have been included while a separate application to make a new motion was still pending.

Hon. Denis R. Hurley
November 8, 2018
Page 2 of 2

    Under the circumstances, we think it makes the most sense for all pending motions to be referred to Magistrate Judge Locke, including the Motion to Strike (ECF. No. 103), the Motion for Sanctions (ECF No. 105), the Motion for Summary Judgment (ECF No. 107) and the Motions to Seal (ECF Nos. 104, 106 and 109). The application for leave to file an additional summary judgment motion (ECF Nos. 101 and 102) should be denied, for the reasons we set forth at the time and because GEICO has attempted to put the issue before the Court on its pending motion for summary judgment.

    With all of this referred to Magistrate Judge Locke, the parties can confirm with him regarding the timing of any opposition to the Motions to Seal that Capricorn may decide to file. We can also address with Magistrate Judge Locke whether the copyright issue is properly before the Court in GEICO's reply papers and any other matters arising from that issue.

    We appreciate the Court's time and attention to this matter and are always available should Your Honor or Magistrate Judge Locke have any questions.

                                               Respectfully submitted,

                                               Richard C. Schoenstein

cc:      Counsel of Record (via CM/ECF)