

Tarter Krinsky & Drogin LLP
1350 Broadway
New York, NY 10018
P 212.216.8000
F 212.216.8001
www.tarterkrinsky.com

*Richard C. Schoenstein, Partner*
212.216.1120
rschoenstein@tarterkrinsky.com

November 14, 2018

*Via ECF*

Magistrate Judge Steven I. Locke
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722

> Re:   *Capricorn Management Systems, Inc. v. Government Employees Insurance Co.*, 15-cv-02926-DRH-SIL

Dear Magistrate Judge Locke:

We represent Plaintiff Capricorn Management Systems, Inc. ("Plaintiff") in the above-captioned action and we write regarding several issues connected to the motion practice currently before the Court.

We understand that Defendants Government Employees Insurance Co. and Auto Injury Solutions, Inc. ("Defendants") delivered to Your Honor yesterday courtesy copies of the bundled papers on three motions now before the Court, including Defendants' Motion for Summary Judgment (ECF Doc. No. 107), Defendants' Motion for Sanctions (ECF Doc. No. 105) and Defendants' Motion to Strike Expert Disclosures (ECF Doc. No. 103) (the "Pending Motions"), as well as three motions to seal documents filed in support of those motions (ECF Doc. Nos. 104, 106 and 109) (the "Motions to Seal").

All of the parties have requested oral argument on these motions and we hope to soon have an opportunity to address them in person.  There are two immediate issues we wish to raise with Your Honor, to determine how to proceed with respect to the Motions to Seal and with respect to certain new arguments made by Defendants for the first time in their reply papers.

**The Motions to Seal**

Defendants move to seal 209 documents being filed in connection with the Pending Motions, including various documentary exhibits, deposition transcripts and motion papers drafted by counsel.  In addition, Defendants have redacted portions of some of the briefs filed on the motions.  They submitted the Motions to Seal without meeting and conferring with us in advance – they asked only if Plaintiff wanted to seal anything; it did not – and without telling us what they wanted to seal or showing us any proposed redactions.

Hon. Steven I. Locke
November 14, 2018
Page 2 of 3

Plaintiff objects to this process and contests the notion that anything should be sealed in this case. Defendants' counterclaims publicly accuse Plaintiff and Dr. Silberstein of theft and other misdeeds and they wish to defend themselves publicly by telling the whole story. Moreover, as Defendants steadfastly insist that there are absolutely no trade secrets at issue in this case, they do not have a basis to seal documents. By way of example, Defendants argue in their reply papers that the Supercede manual could not possibly be a trade secret, yet they seek to seal it in the filings with the Court. Plaintiff does contend that trade secrets have been misappropriated by Defendants, but given passage of several years and the resulting destruction of Plaintiff's business, it does not require any of that to be filed under seal at this point. Certainly there is no reason to gratuitously seal several hundred documents, many of which are a decade or so old, simply to shield Defendants' embarrassment.

At the same time, Plaintiff has no desire to further complicate these proceedings or to undertake additional briefing. Defendants have employed an "outspend and outlast" strategy in this case that has been difficult for Plaintiff. As a result, Plaintiff consents to the filing of any exhibits and deposition testimony from Defendants' witnesses under seal, if it may do so without prejudice to moving to unseal any such materials at a later date.

Plaintiff does contest, however, the sealing of its Rule 56.1 statement and the deposition testimony of its own witnesses, such as Dr. Silberstein, and also objects to any redactions to its memorandum of law in opposition to Defendants' motion for summary judgment. In lieu of further cluttering the Court docket at this time, Plaintiff proposes to discuss those issues at oral argument on the motions, presuming Your Honor will be holding oral argument.

**Defendants' Reply Papers**

With respect to the Motion for Summary Judgment, Defendants sought and obtained from Your Honor leave to file an oversize reply brief and an extension of time to do so. (ECF Doc. No. 99.) The reply papers they ultimately filed included a brand new argument concerning certain copyright filings made by Capricorn in the years 2011-2013. GEICO knew about these copyright filings since at least November 2014, when they were identified by their Registration Numbers in an email from Dr. Silberstein to Robert Leone at GEICO, yet they were not referenced in the pleadings herein, addressed during discovery, or covered by any expert reports.

Prior to filing these reply papers, GEICO submitted a letter request for leave to bring a separate summary judgment motion regarding those public filings and Capricorn contested that application (ECF Doc. Nos. 101 and 102). Judge Hurley did not rule on that request, instead referring to Your Honor all matters relating to these motions.

Notwithstanding its pending application to make an additional summary judgment motion, Defendants addressed the copyright issue over several pages in their reply brief (ECF Doc. No. 107, #49), and in two new declarations (including one from a purported expert witness) and sixteen new exhibits submitted with the reply papers (ECF Doc. No. 107, ##51-69).

Hon. Steven I. Locke
November 14, 2018
Page 3 of 3

All of this leaves us in a bit of a quandary. Capricorn believes that the inclusion of this new material on reply – four years after GEICO learned about the filings and after all the other proceedings that have occurred in this action – is improper and fundamentally unfair to Plaintiffs, and that there is no justification for yet another summary judgment motion dealing with this issue. But if the Court was inclined to consider the late arguments, Capricorn would want an opportunity to respond. In fact, it would probably necessitate reopening discovery if these issues are really in the case.

Therefore, on this issue too we propose to defer further discussion to oral argument. At that time, we can address with Your Honor whether the new material will be considered at all, whether a supplemental filing is appropriate to allow Plaintiff to respond, and/or whether additional discovery is required.

**Conclusion**

As we have mentioned before, given the age of this dispute (filed in 2015), and the age and physical condition of our clients, it is paramount that the case advance promptly to trial so that our clients may have an opportunity to tell their story to a jury of their peers. Of course we understand that the materials submitted on these motions are voluminous and that the Court has many other matters before it. Recognizing all of that, our proposal is that any further responses or motions be held in abeyance pending further discussion with Your Honor, as the Court's schedule permits.

We appreciate Your Honor's continued attention to this matter.

Respectfully submitted,

Richard C. Schoenstein

cc:   All Counsel of Record *(Via ECF)*