

HUNTON ANDREWS KURTH LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL   202 • 955 • 1500
FAX   202 • 778 • 2201

September 10, 2019

**VIA ELECTRONIC CASE FILING**

MATTHEW J. RICCIARDI
DIRECT DIAL: 202 • 955 • 1685
EMAIL: mricciardi@HuntonAK.com

FILE NO:  68026.6

Hon. Denis R. Hurley, U.S.D.J.
United States District Court
   for the Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722

Re:     *Capricorn Management Systems, Inc. v. GEICO*
        Case no. 2:15-cv-02926-DRH-SIL

Dear Judge Hurley:

　　　This firm represents defendant Government Employees Insurance Company ("GEICO") in the subject civil action.  We write jointly on behalf of GEICO and co-defendant Auto Injury Solutions, Inc. (collectively, "Defendants") regarding the letter request, docket no. 129, filed by plaintiff Capricorn Management Systems, Inc. ("Capricorn") this afternoon seeking to double the page limit for Rule 72(b)(2) objections.  Defendants oppose Capricorn's request.

　　　Your Honor's Individual Practice Rule 4(C) provides that Rule 72 objections "should not exceed twenty-five (25) pages in length."  Capricorn seeks to *double* that limit to 50 pages, despite already being rebuked by the Magistrate for the inordinate bulk of its filings:

> Capricorn refers to the "substantial evidence" it has of Defendants' misappropriation and summarily directs the Court to review over 100 statements of fact and scores of exhibits.  Reviewing these documents has consumed considerable judicial resources, yet absent any context, the Court cannot conclude that a genuine issue of fact exists sufficient to defeat summary judgment.  This case involves a highly technical subject matter, and it is Plaintiff's burden not simply to point the Court to e-mails, spreadsheets and full deposition transcripts, but to explain how these pieces of evidence raise a genuine issue to be tried.

Report at 47–48 (*citing Cea v. Access 23 TV*, 2015 WL 5474070, *3 (S.D.N.Y.) ("[J]udges are not like pigs; they will not hunt for truffles buried in briefs or the record.")).

　　　Capricorn's request to file such substantially over-length objections can mean only one of two things—either Capricorn *again* intends to throw everything against the proverbial wall in the hope that the District Court will find a dispute of fact sufficient to preclude summary judgment in there somewhere or, equally improper, Capricorn *again* intends to shift its theory of the case

Case 2:15-cv-02926-DRH-SIL   Document 130   Filed 09/10/19   Page 2 of 2 PageID #: 7548



Hon. Denis R. Hurley, U.S.D.J.
September 10, 2019
Page 2

and advance new arguments not already articulated in its briefs below.  *See* Report at 41–42 ("Capricorn has not been entirely consistent in how it has characterized its purported trade secrets.").  Although a "district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to," FED. R. CIV. P. 72(b)(3), objections are not a freewheeling do-over.  As particularly relevant here, "a district court will generally refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance."  *Mulberry Homes VI, LLC v. Gargiulo*, 2016 WL 5409244, *1 (E.D.N.Y. 2016) (Hurley, J.) (internal quotations and citations omitted).

Capricorn's protestations about the Report being "67 pages long and relat[ing] to four substantive motions" plus "four motions to seal documents" are disingenuous.  Magistrate Judge Locke recommended *denying* Defendants' Motion for Sanctions, Report at 34, and the first dozen and last dozen pages, collectively more than a third of the Report, merely summarize background facts and applicable law or concern GEICO's motions to file its *own* confidential information under seal.

The eleventh-hour timing of Capricorn's request is also inherently prejudicial.  Capricorn used nearly identical language to justify its August 1st request for a six-week extension of time.  Docket no. 128 ("The R&R is 67 pages long and relates to four substantive motions and four motions to seal documents, all of which follows voluminous filings by the parties.").  Capricorn could have requested an expansion of the 25-page limit at that time or at any point over the following weeks—Capricorn's counsel are plainly not just beginning to draft their additional 25 pages of objections tonight—but Capricorn did not.  Now, just *three days* before the extended filing deadline, GEICO has already drafted its objections based on strategic decisions about which portions of the Report warrant objection in view of the 25-page limit, and fundamental fairness requires that Capricorn be held to that same limit.

Defendants respectfully request that the Court encourage all parties to confine themselves to proper Rule 72 objections by retaining the 25-page limit specified in its Rules and denying Capricorn's last-minute request for 25 additional pages.  Counsel thank Your Honor for his continuing consideration and are, as always, available to render any assistance that may be helpful the Court.

Respectfully submitted,

/s/  Matthew J. Ricciardi

Matthew J. Ricciardi, Esq.


cc:     Counsel of Record (via CM/ECF)

68026.6 EMF_US 76407790