

*Richard C. Schoenstein, Partner*
212.216.1120
rschoenstein@tarterkrinsky.com

May 5, 2023

**VIA CM/ECF**

Hon. Denny Chin, U.S.C.J.
Sitting by Designation
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Capricorn Management Systems, Inc. v. Government Employees Insurance Co.*, **2:15-cv-02926-DC-SIL**

Dear Judge Chin:

Plaintiff Capricorn Management Systems, Inc. ("Capricorn") respectfully submits this letter brief regarding the scope of its remaining breach of contract claim in this action. To assist the Court in reviewing this matter, we are including hyperlinks to the cited materials on the docket.

**Introduction**

As the evidence at trial will show, Dr. Charles Silberstein and his wife Judith Silberstein spent more than 40 years building and running a business providing consulting services in connection with adjusting and processing medical insurance claims. For 35 years, that business, Capricorn, developed and provided GEICO with software to automate the repricing and management of medical bills submitted in connection with no-fault automobile insurance claims. GEICO used Capricorn's software and services to effectively manage, process and often deny hundreds of millions of dollars of claims. It was a highly successful business relationship, but it ended with disputes that required litigation in this Court.

Hon. Denny Chin, U.S.C.J.
May 5, 2023
Page 2 of 9

Capricorn's relationship with GEICO was governed by a written Lease and Royalty Agreement ("LRA") that was revised and renewed over the years. As Capricorn has alleged from the outset, the LRA required GEICO to pay hundreds of thousands of dollars a year in royalties for the right to use Supercede (the program developed by Capricorn) and its modules *in the State of New York only* and only for the purpose of managing claims in GEICO's system. In abject breach of the LRA, GEICO used Supercede outside of the State of New York and for purposes not covered by the LRA.

As one example, GEICO used Capricorn's Encovel Detection Module (designed for fraud detection) and/or programs derived from that module in other states. Documents and deposition testimony established that the module designed by Capricorn was used as a model by GEICO to develop a similar module for use in other regions. Moreover, discovery revealed that the supposedly independent system was "shut down" and/or "deleted" when GEICO realized it had a problem, such that it was conspicuously unavailable for review or comparison in this action. This will entitle Capricorn to obtain an appropriate adverse, as will be the subject of a forthcoming pre-trial motion.

More broadly, the evidence shows that instead of just using Supercede in New York for claims handling purposes, GEICO and its vendor used Supercede as a roadmap and exemplar in developing a supposedly "new" nationwide claims management system. Whether or not that system incorporated any source code or other aspects of Supercede, the LRA simply did not permit GEICO to use Capricorn's software for such purposes. Moreover, GEICO continues to possess the master copy of Supercede in its Maryland offices, despite the fact that the LRA has expired, and GEICO has long since stopped paying Capricorn the required royalties.

Hon. Denny Chin, U.S.C.J.
May 5, 2023
Page 3 of 9

With trial looming, GEICO now seeks to restrict Capricorn's claim for breach of the LRA, contending that it is limited to the alleged misuse of the Encovel Detection Module. No such restriction is appropriate. Indeed, GEICO's suggested scope would ignore the allegations in the Amended Complaint and the fact that the summary judgment motion was denied in its entirety as to Count I.

Moreover, both Magistrate Judge Locke and Judge Hurley expressly held that the rulings regarding the sufficiency of the trade secret allegations could not limit the claims under the private contract entered by Capricorn and GEICO. Yet such a limitation is exactly what GEICO seeks, as it suggests that the issues presented on Count I have somehow been determined elsewhere in this litigation.

For the reasons set forth herein, there is no basis at this juncture to constrain the claim for breach of the LRA that remains for trial.

**The Count I Allegations**

The [Amended Complaint](#) ("AC") in this action sets forth four causes of action: Count I: Breach of the Lease and Royalty Agreement ("LRA"), against GEICO; Count II: Breach of the Non-Disclosure Agreement ("NDA"), against GEICO; Count III: Misappropriation of Confidential Information and/or Trade Secrets, against GEICO and defendant Auto Injury Solutions, Inc. ("AIS"); and Count IV: Conversion, against GEICO and AIS. On summary judgment, the Court dismissed Counts II, III and IV. Defendant AIS was subsequently dismissed from the action. The scope of Count I is in dispute by the parties.

With respect to Count I, the [Amended Complaint](#) alleges the existence of the LRA over the years, including the latest version in effect from September 1, 2013, through August 31, 2017. (AC ¶¶ 17-21). The LRA calls for GEICO to pay a monthly royalty fee which over the course of a year

Hon. Denny Chin, U.S.C.J.
May 5, 2023
Page 4 of 9

is hundreds of thousands of dollars. (AC ¶ 22). The LRA only permitted the use of Supercede and its modules in the State of New York. (AC ¶¶ 23-29, 100, 104).

As alleged in the Amended Complaint, "GEICO has used the Modified Supercede System, in whole or in part, outside of the State of New York, either by using the system directly or by duplicating components of the Modified Supercede System for use in other states, as part of GEICO's ATLAS system, or otherwise." (AC ¶ 101). The Amended Complaint added that, "[f]or example, upon information and belief, while GEICO only had a right to use the Modified Supercede System in New York, it used the Encovel Detection Module and/or its programs designed on the basis of the Encovel Detection Module in the state of New Jersey, in order to detect fraud and file the New Jersey Complaint." (AC ¶ 102) (emphasis added). Accordingly, the Amended Complaint was clear that the unauthorized use of the Encovel Detection Module was only one example of GEICO's breach of the LRA.

Amplifying that point, the Amended Complaint further alleged that "GEICO used and continues to use portions of the Modified Supercede System in the other 49 states outside of New York plus the District of Columbia" (AC ¶ 1-5), that such use "outside of the state of New York, including the use of the Encovel Detection Module, is a breach of the LRA" (AC ¶ 106), and that "GEICO's unauthorized uses of the software therefore constitute multiple breaches of contract." (AC ¶ 107). On top of that, Capricorn alleged that "[t]he full extent of GEICO's breach of the LRA is not known to Plaintiff at this time. Discovery is necessary to unveil the degree to which GEICO has utilized the Modified Supercede System, including the Encovel Detection Module and any other modules or components, outside of New York State in violation of the LRA." (AC ¶ 108).

No reader of the Amended Complaint could have concluded that Count I was limited to the improper use of the Encovel Detection Module.

Hon. Denny Chin, U.S.C.J.
May 5, 2023
Page 5 of 9

**<u>The Summary Judgment Motion</u>**

Following discovery, GEICO filed a series of motions, including two summary judgment motions seeking dismissal of Capricorn's claims. As to Count I for breach of the LRA, however, GEICO's motion for summary judgment was *denied in its entirety*, thereby leaving the entire claim for determination at trial. GEICO did not seek and did not receive any summary judgment determination with respect to damages. GEICO's effort now to limit the scope of Count I and/or the recoverable damages is an improper attempt to relitigate summary judgment, seeking a different result.

In fact, despite the length of its papers, GEICO's attack on Count I was quite limited. In its Moving Brief on its motion for summary judgment, GEICO spent only two pages on the breach of contract claims, essentially arguing that there could be no breach of any contract absent proof of legally cognizable trade secrets.  (Moving Brief at 22-24).

In response, Capricorn's Opposition Brief specified that the breaches of the LRA included:

> among other things: (a) analyzing the design, processes and operation of Supercede for [GEICO's] own use; (b) exhibiting Supercede to Defendants' information technology personnel; (c) transmitting thousands of confidential documents containing Supercede's technical information to Defendants' information technology personnel; (d) duplicating and patterning Supercede [REDACTED]; and (e) mapping Supercede so that Defendants' systems can communicate with and transfer data from Capricorn.

(Opposition Brief at 21-22).

GEICO's Reply Brief punted on these arguments, limiting the page-long breach of contract section to the separate Non-Disclosure Agreement ("NDA") at issue under Count II of the Amended Complaint.  (Reply Brief at 13-14).

Hon. Denny Chin, U.S.C.J.
May 5, 2023
Page 6 of 9

In short, GEICO's argument on Count I of the Amended Complaint came down to the tepid plea that there could be no breach of contract if there were no trade secrets. This central thesis was flatly rejected by Magistrate Judge Locke in his Report and Recommendation:

> As a threshold matter, the Court rejects Defendants' arguments that Capricorn's failure to identify any specific trade secret or misappropriation thereof is fatal to its claims for breach of the LRA…. Whether Supercede is a trade secret that Defendants misappropriated is an inquiry separate and apart from whether GEICO violated the LRA, which is a private contract governing GEICO's use of Supercede.

(Report and Recommendation at 35).

This threshold conclusion by Magistrate Judge Locke was not challenged by GEICO in its objections to the Report and Recommendation. Instead, GEICO focused its Objections on the portion of Count I dealing with the Encovel Detection Module, arguing that GEICO did not duplicate the Module in its nationwide claims management system, never used the Module outside of New York, and developed an independent database relating to Encovel. (Objections at 4-13).

In its Opposition to Objections, Capricorn responded to the points about Encovel, but reiterated the breadth of its claim for breach of the LRA, including the five breaches set forth above and the fact that GEICO continues to hold a master copy of Supercede in its Chevy Chase, Maryland offices, which was then and continues to be a breach of the LRA, particularly since the LRA expired on August 31, 2017 and the master copy has never been returned. (Opposition to Objections at 12-13).  GEICO's Reply on Objections responded to these arguments by again invoking its arguments as to the misappropriation of trade secrets claim.  (Reply on Objections at 4-5).

Thus, in confirming the Report and Recommendation, Judge Hurley reiterated Magistrate Judge Locke's unchallenged conclusion that: "whether Supercede is a trade secret is an inquiry distinct from whether GEICO violated the LRA."  (Order Adopting Report and Recommendation

at 8). Judge Hurley also found that GEICO's objections were based on new arguments but that, in any event, there was evidence of GEICO's use or duplication of the Encovel Detection Module outside of New York. Summary judgement on the claim for breach of the LRA (Count I) was denied. (Order Adopting Report and Recommendation at 20-21).

Following reems of motion papers by the parties, the ultimate conclusion of the Court was simple and clear: "the motion for summary judgment is granted as to Counts II, III and IV of the Amended Complaint, but denied as to Count I." (Order Adopting Report and Recommendation at 29-30). In other words, the cause of action for breach of the LRA was not dismissed, nor was it modified or limited in any way.

**Discussion**

While Dr. Silberstein passed away earlier this year, his testimony and the other evidence against GEICO live on, and finally this case can proceed to trial. GEICO's effort to further limit the scope of the case is without merit. GEICO's motion for summary judgment was denied, in its entirely, as to Count I for breach of the LRA. No portion of the claim was dismissed. No ruling was made to limit the scope of the claim. No ruling was sought or obtained limiting damages. In short, there is no basis to conclude that the claim for breach of the LRA is any narrower than the broad claim set forth in the Amended Complaint and specified in Capricorn's papers in opposition to the failed motion for summary judgment.

GEICO has previously contended that the fact issues mentioned by Magistrate Judge and Judge Hurley (Report and Recommendation at 37; Order Adopting Report and Recommendation at 8–9, 20–21) somehow circumscribe the issues for trial. Not so. Those rulings do not identify the "only" fact issues left in the case – as GEICO now asserts. They were merely conclusions regarding the specific summary judgment points raised by GEICO.

083305\1\170210989.v1

Hon. Denny Chin, U.S.C.J.
May 5, 2023
Page 8 of 9

Nothing in the Report and Recommendation or Judge Hurley's decision suggested that the breach of contract claim had been reduced to two issues of fact and, to the contrary, there are numerous other issues of fact remain on these claims, on damages and on GEICO's remaining counterclaim. Much of the evidence Capricorn will be offering on its claim for breach of the LRA also serves to respond to GEICO's counterclaim, as it sets forth the background and the relative positions of the parties.

At this procedural moment in time, any effort by GEICO to limit the issues for trial on Count I of the Amended Complaint is an inappropriate effort to relitigate its summary judgment motion. There is no basis now, before a jury has been selected or a single piece of evidence has been admitted, to limit the scope of a claim that emerged from summary judgment motions unscathed. Indeed, even if Count I was read with the limitations GEICO would like, Capricorn would have the right at trial to seek to amend the pleadings pursuant to [Fed. R. Civ. P. 15(b)](#).

If the case is not settled before then, GEICO will have every opportunity at trial to contest the admissibility of evidence, to argue about the proper jury instructions and verdict sheet, and to otherwise defend itself. It will have opportunities for other motions during or after the trial. And, most importantly, it will have every opportunity to present evidence to the jury and argue in response to the claim asserted by Capricorn.

Predetermining the contours of Capricorn's case would be an improper reconsideration of the Court's prior rulings. Indeed, it would alter the fundamental conclusions of both Magistrate Judge Locke and Judge Hurley that the issues of trade secrets and confidentiality do not determine the parties' responsibilities to each other under private contracts.

Hon. Denny Chin, U.S.C.J.
May 5, 2023
Page 9 of 9

**Conclusion**

There is no basis for any ruling now limiting the scope of Capricorn's claim for breach of the LRA. The Court should reject any effort by GEICO to do so, without prejudice to positions it may take as a matter of course during the trial itself.

        Respectfully submitted,

        **TARTER KRINSKY & DROGIN LLP**
        *Attorneys for Plaintiff*
        *Capricorn Management Systems, Inc.*

By: _____
        Richard C. Schoenstein
        David J. Pfeffer
        1350 Broadway, 11th Floor
        New York, NY 10018
        Tel: (212) 216-8000
        Fax: (212) 216-8001
        Email: rschoenstein@tarterkrinsky.com
        Email: dpfeffer@tarterkrrinsky.com