UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| CAPRICORN MANAGEMENT SYSTEMS, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| - v - | : | |
| | : | |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, | : | MEMORANDUM DECISION |
| Defendant, | : | 15 Civ. 2926 (DC) (SIL) |
| | : | |
| - v - | : | |
| | : | |
| CAPRICORN MANAGEMENT SYSTEMS, INC., | : | |
| Counterclaim-Defendant. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

APPEARANCES:   Tarter Krinsky & Drogin, LLP
By:  Richard C. Schoenstein, Esq.
        David J. Pfeffer, Esq.
1350 Broadway, 11th Floor
New York, NY  10018
        Attorneys for Plaintiff and Counterclaim-Defendant

Hunton Andrews Kurth LLP
By:  Matthew J. Ricciardi, Esq.
2200 Pennsylvania Avenue, NW
Washington, D.C.  20037
        Attorney for Defendant

CHIN, Circuit Judge:

On April 24, 2023, the Court ordered Plaintiff and Counterclaim-

Defendant Capricorn Management Systems, Inc. ("Capricorn") and Defendant

Government Employees Insurance Co. ("GEICO") to brief the scope of Count I of Capricorn's amended complaint. Following the Court's summary judgment decisions, Count I remains for trial. For the reasons set forth below, the Court concludes that the scope of Count I is limited to the question of whether GEICO violated a lease and royalty agreement by using Capricorn's software and its elements outside the state of New York.

I.      Factual Background

Capricorn is a New York corporation that develops software programs for insurance companies and medical billing services. Dkt. 138 at 3. For 35 years, Capricorn provided GEICO with software and related services to manage medical bills submitted for automobile insurance claims. *Id*. at 4. The parties entered into various agreements over the course of their business relationship, including a lease and royalty agreement (the "LRA") in 2008 and a non-disclosure agreement (the "NDA") in 2005. Dkt. 127 at 3, 5. The 2008 LRA governed GEICO's use of an automobile first party medical bill review software called Supercede. *Id*. at 5. GEICO was the only customer for Supercede, and the software was designed specifically to meet GEICO's business requirements. In 2009, Capricorn began developing the Encovel Detection Module, a fraud detection program, for use in the Supercede program. *Id*.

In 2007, GEICO sought to implement a nationwide software system for its medical claims management procedures. GEICO selected Auto Injury Solutions, Inc. ("AIS") as its nationwide medical bill review software provider. Dkt. 127 at 4. At the

2

time GEICO was implementing AIS's software, it was also developing and implementing a new national claims management program called ATLAS, which interfaced with AIS's software. *Id*.

As relevant here, Capricorn alleges that GEICO used Capricorn's operations, technology, and systems to design and develop the AIS and ATLAS software. *Id*. at 5. In 2014, Gerry DePace, a Capricorn employee and the writer of the Supercede source code, sent a GEICO document detailing GEICO's conversion to AIS's software to Dr. Charles M. Silberstein, the president of Capricorn. Silberstein expressed concern that GEICO was copying Capricorn's technology and operations and directed DePace to find out "what if anything" AIS and GEICO were taking from Capricorn. *Id*.

II.   Procedural Background

Capricorn commenced this action against GEICO on May 20, 2015, and filed an amended complaint (the "Complaint") on January 30, 2017, adding AIS as a defendant. Dkt. 1, 55. Capricorn alleged four claims in the Complaint: breach of the LRA against GEICO (Count I), breach of the NDA against GEICO (Count II), misappropriation of trade secrets and/or confidential information against GEICO and AIS (Count III), and conversion against GEICO and AIS (Count IV). Dkt. 55. GEICO filed an answer on February 27, 2017, Dkt. 59, and an amended answer on April 6, 2017, asserting counterclaims against Capricorn and Silberstein alleging, *inter alia*, misappropriation of trade secrets (Count II), breach of the NDA (Count III),

interference, and unfair competition (Count V), Dkt. 69. Capricorn and Silberstein timely replied. Dkt. 66, 72.

After the close of fact and expert discovery, GEICO and AIS filed four joint motions, including two motions for summary judgment. Dkt. 103, 105, 107, 121. Defendants' first motion sought summary judgment as to all four counts of the Complaint. Dkt. 107. After defendants discovered new information relevant to Counts II and III, they filed a second summary judgment motion with leave of the Court. Dkt. 121.

On referral, Magistrate Judge Locke found that all four counts in the Complaint were "premised on Capricorn's allegations that Defendants used and disclosed Plaintiff's confidential and trade secret system, Supercede, for use in AIS's software and GEICO's ATLAS program." Dkt. 127 at 34. Judge Locke recommended that the Court deny summary judgment as to the claim for breach of the LRA (Count I) and grant summary judgment on the claims for breach of an NDA (Count II), misappropriation (Count III), and conversion (Count IV). Dkt. 127 at 66. Specifically, Judge Locke found that "whether the LRA limits GEICO's use of Supercede and its components to New York is a question of fact for the jury." Dkt. 127 at 37. As to Count II, Judge Locke concluded that Capricorn failed to allege that GEICO shared Capricorn's confidential information, rather than GEICO's proprietary business requirements, with AIS during the development of the AIS and ATLAS software. Dkt. 127 at 51-52. As to Count III, Judge Locke held that Capricorn "failed to identify a protectable trade secret"

4

and, even assuming that it had, it "fail[ed] to offer more than conclusory statements of misappropriation." Dkt. 127 at 46. Judge Hurley adopted the Order, Report & Recommendation in its entirety. Dkt. 138. Thereafter, AIS withdrew its counterclaims and thus is no longer part of the case.

III.    Analysis

Following the Court's summary judgment decisions, the parties agree that Count I of the Complaint and GEICO's Counterclaim Count III remain for trial. Dkt. 144 at 5; Dkt. 163 at 4.[1]

The parties diverge, however, as to the scope of Count I. Capricorn contends that the "broad" scope of Count I articulated in the Complaint survived summary judgment. Dkt. 166 at 7-8. The Complaint alleges that "GEICO has used the Modified Supercede System, in whole or in part, outside of the State of New York, either by using the system directly or by duplicating components of the Modified Supercede System for use in other states, as part of GEICO's ATLAS system, or otherwise." Dkt. 166 at 4; *see* Dkt. 55 ¶ 101. Because the Court denied summary judgment on Count I, Capricorn argues that the question of whether GEICO "used

---

[1]    After the summary judgment motions were decided, AIS withdrew its counterclaims without prejudice on June 16, 2020. Dkt. 142. In addition, none of the parties moved for summary judgment on GEICO's seven counterclaims. GEICO has elected to proceed to trial only on its Counterclaim Count III against Capricorn for breach of the NDA arising from Silberstein's conduct allegedly directing Capricorn employees to obtain GEICO's confidential and proprietary information. Dkt. 163 at 11-12.

Supercede as a roadmap and exemplar in developing a supposedly 'new' nationwide claims management system" remains ripe for trial.  Dkt. 166 at 2.

GEICO rejects Capricorn's "original, expansive view" of the claim and argues that the only issue remaining is whether GEICO used Capricorn's Encovel Detection Module outside of New York in violation of the LRA.  Dkt. 165 at 2.  GEICO contends that the Court already rejected Capricorn's broader theory of Count I because it found that Capricorn failed to allege that GEICO shared Capricorn's confidential information or trade secrets with AIS when developing its nationwide claims management software.  Dkt. 165 at 2-3.  GEICO argues that because this "central contention [of] all three counts" was rejected by the Court when it granted summary judgment to GEICO on Counts II and III, the limited question regarding the geographic scope of the LRA and GEICO's alleged violation of this provision is the only issue that remains in Count I.  *Id*. at 1.

The Court is persuaded by GEICO's position that the scope of Count I that remains for trial is a narrow one.  In its summary judgment decisions, the Court explicitly concluded that the only factual issues in Count I concerned whether GEICO used Supercede and its components outside of New York.  *See* Dkt. 127 at 37-38 (finding that "questions of fact exist as to whether the LRA limited GEICO's use of Supercede and its components to New York and whether GEICO used Capricorn's Encovel Detection Module, in violation of the LRA") (Locke, *J*.); Dkt. 138 at 21 ("Capricorn did submit evidence that would permit a reasonable trier of fact to conclude that GEICO

6

used or duplicated Capricorn's Encovel Detection Module outside of New York.") (Hurley, J.). The Court, meanwhile, resoundingly rejected Capricorn's claims of breach of the NDA and misappropriation because it found that Capricorn failed to submit evidence that GEICO misused either Capricorn's confidential information or its trade secrets. *See* Dkt. 127 at 43-52; Dkt. 138 at 24-27. It found that Capricorn's own behavior -- including granting GEICO access to Supercede several years prior to the execution of the NDA and Capricorn's own public, unredacted filings of the Supercede modules in the U.S. Copyright Office -- indicated that "Capricorn did not treat Supercede as confidential," and that the details GEICO shared with AIS constituted GEICO's proprietary business requirements, not Capricorn's confidential information. Dkt. 138 at 23, 27. Moreover, the Court held that Capricorn's conclusory allegations of misappropriation merely listed functionalities of Supercede and did not allege how such functionalities constituted a unique trade secret. *See* Dkt. 127 at 48-49 ("Capricorn's failure to offer more than conclusory statements of misappropriation is especially damaging in light of Defendants' evidence [that] . . . DePace, Capricorn's primary coder of Supercede, did not believe Defendants had copied Supercede."); Dkt. 138 at 23 (concluding that Capricorn's choice to "[m]erely repeatedly recit[e] that [elements of Supercede] function uniquely is insufficient to sustain Capricorn's burden" of defining the trade secret that GEICO allegedly misappropriated).

Capricorn's contention that the issue of whether GEICO's allegedly unauthorized use of Supercede "constitute[d] multiple breaches of contract," Dkt. 166 at

7

4, still remains in Count I is logically inconsistent with the Court's summary judgment decisions. The Court found no evidence that GEICO's work with AIS in developing and implementing its nationwide claims software implicated either Capricorn's trade secrets or its confidential information. Consequently, Capricorn cannot continue to argue that GEICO's purportedly improper use of Supercede as a "roadmap and exemplar" -- implicit allegations that GEICO misused Capricorn's proprietary information, such as its trade secrets or confidential information -- is relevant to assessing its breach of contract claim as to the LRA.

> The Supreme Court has instructed that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983). Although it is not binding, the law of the case doctrine counsels against a court revisiting its prior rulings in the same case "absent 'cogent' and 'compelling' reasons such as 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Ali v. Mukasey*, 529 F.3d 478, 490 (2d Cir. 2008) (quoting *United States v. Tenzer*, 21 F.3d 34, 39 (2d Cir. 2000)). Capricorn has failed to show that it satisfies any of the exceptions to the doctrine. Adopting Capricorn's proposed parameters for Count I would illogically expand its scope and undermine the reasoned summary judgment analyses of Judges Locke and Hurley. Accordingly, I decline to do so.

IV.    Conclusion

For the reasons described above, the Court concludes that the scope of Count I is limited to whether GEICO used Supercede and its modules outside of New York and, if so, whether this conduct violated the LRA. Capricorn will not be permitted to argue at trial that GEICO misappropriated its trade secrets or wrongly disclosed its confidential information.

The parties shall appear for a status conference on July 17, 2023, at 11:00 a.m. at the Theodore Roosevelt United States Courthouse, 225 Cadman Plaza, Brooklyn, New York, 11201.

SO ORDERED.

Dated:    Brooklyn, New York
            June 21, 2023

                                                        s/DC
                                        DENNY CHIN
                                        United States Circuit Judge
                                        Sitting by Designation