IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION

| | |
|---|---|
| CAPRICORN MANAGEMENT SYSTEMS INC., *Plaintiff,* v. GOVERNMENT EMPLOYEES INSURANCE COMPANY *Defendant,* v. CAPRICORN MANAGEMENT SYSTEMS INC., *Counterclaim-Defendant.* | Case No. 2:15-cv-2926 (DC) (SIL) |

## PARTIAL FINAL JUDGMENT

Pursuant to Federal Rule of Civil Procedure 54(b), with the consent of both plaintiff Capricorn Management Systems Inc. ("Capricorn") and defendant Government Employees Insurance Company ("GEICO"), to promote the sound administration of justice, and finding no just reason for delay, the Court hereby **ORDERS AND ADJUDGES** as follows:

### BACKGROUND

1.  Capricorn asserted four causes of action against GEICO: (I) breach of a Lease & Royalty Agreement; (II) breach of a Non-Disclosure Agreement; (III) misappropriation of trade secrets; and (IV) common-law conversion. Amended Complaint, ECF No. 55; *see also* Conformed Joint Pre-Trial Order, ECF No. 175, at § 4(A). Capricorn also asserted Counts III and IV against co-defendant Auto Injury Solutions, Inc. ("AIS"). *Id.*

2. After discovery and briefing, the Court granted summary judgment for GEICO and AIS on Counts II, III, and IV but denied summary judgment for GEICO on Count I. Memorandum & Order, ECF No. 138 (Hurley, *J.*). All claims against AIS were resolved on summary judgment, and only Count I remained against GEICO.

3. During pre-trial proceedings, the Court determined that, based on rulings on summary judgment on the other causes of action which were now law of the case, "the scope of Count I is limited to whether GEICO used Supercede and its modules outside of New York and, if so, whether this conduct violated the LRA." Memorandum Decision, ECF No. 169, at 9 (Chin, *J.*). "Capricorn will not be permitted to argue at trial that GEICO misappropriated its trade secrets or wrongly disclosed its confidential information." *Id.*

## APPLICABLE LAW

4. "When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

5. The Supreme Court has "left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980) (*quoting Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435 (1956)). "This discretion is to be exercised 'in the interest of sound judicial administration.'" *Id.*

6. As the "dispatcher" of appeals under Rule 54(b), the district court "must take into account judicial administrative interests as well as the equities involved." *Id.* Factors properly

considered by the district court include "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.* The district court may also consider whether "an appellate resolution of the certified claims would facilitate a settlement of the remainder of the claims." *Id.* at n.2.

7. "The requirement that the district court make an express determination that there is no just reason for delay . . . means that the court must provide a reasoned, even if brief, explanation of its considerations" because "[i]t is essential . . . that a reviewing court have some basis for distinguishing between well-reasoned conclusions[,] arrived at after a comprehensive consideration of all relevant factors, and mere boiler-plate approval phrased in appropriate language but unsupported by evaluation of the facts or analysis of the law." *Novick v. Axa Network, LLC*, 642 F.3d 304, 310 (2d Cir. 2011) (internal quotation marks omitted).

## RATIONALE & JUDGMENT

8. Entering final judgment now on Counts II, III, and IV under Rule 54(b) is appropriate, in the interest of sound judicial administration, and in the interest of all parties because it offers the most efficient path to final resolution of this long-running case.

9. The Court's summary judgment decision and subsequent opinion regarding the scope of Count I remaining for trial rejected one of Capricorn's principal contentions in this case. Holding a jury trial on Capricorn's remaining breach of contract claim, as narrowly construed by the Court following summary judgment, would not be an efficient use of party or judicial resources because it would not test Capricorn's central misappropriation theory of this case.

Regardless of the outcome of that trial, the Court of Appeals would still need to determine whether this Court's grant of summary judgment for GEICO and AIS on Capricorn's central misappropriation theory was proper.

10. If the Second Circuit vacates the grant of summary judgment for defendants, then a broader retrial would be required, rendering an earlier trial on a narrowed Count I a wasted effort. If the Second Circuit affirms the grant of summary judgment for defendants on Counts II, III, and IV, then the case would be conclusively ended with respect to AIS, and both Capricorn and GEICO have represented to the Court that they are hopeful the remaining, narrowed Count I could be resolved without a jury trial. *See Curtiss-Wright*, 446 U.S., at 8 n.2.

11. The disputed, material issues remaining for trial on Count I are logically separable from Counts II, III, and IV. Count I alleges breach of a private contract, essentially a software license agreement, between Capricorn and GEICO. Liability on Count I turns on the construction of that contract and whether GEICO breached its terms. Counts II, III, and IV, on the other hand, revolve around Capricorn's allegation that GEICO improperly disclosed and misappropriated Capricorn's Supercede software, and improperly used it as a "roadmap and exemplar" while working with AIS to deploy a new, nationwide medical bill review program. The legal causes of action and underlying evidence are distinct. If the Court of Appeals affirms summary judgment on Counts II, III, and IV, a subsequent trial and appeal on Count I alone would not require the Court of Appeals to revisit the same issues.

12. Party equities unanimously favor entering final judgment on Counts II, III, and IV now. AIS has been waiting more than four years for this case to be finally resolved since prevailing at summary judgment on all claims against it. And, Capricorn and GEICO have stipulated to entry of this Partial Final Judgment.

13.     Therefore, pursuant to FED. R. CIV. P. 54(b) and to facilitate appellate jurisdiction under 28 U.S.C. § 1291, the Court hereby enters **FINAL JUDGMENT** in favor of defendants GEICO and AIS and against plaintiff Capricorn on Counts II, III, and IV of Capricorn's Amended Complaint, ECF No. 55, for the reasons stated above and in the summary judgment Report & Recommendation, ECF No. 127 (Locke, *M.J.*), and Memorandum & Order, ECF No. 138 (Hurley, *J.*), previously entered by the Court.  Capricorn shall **TAKE NOTHING** from GEICO on Counts II, III, and IV.  Capricorn shall **TAKE NOTHING** from defendant AIS on Counts III and IV.

14.     Count I asserted in Capricorn's Amended Complaint, ECF No. 55, is hereby **STAYED** pending further order of this Court upon the resolution of Capricorn's appeal of this Partial Final Judgment.

15.     All of the counterclaims asserted in GEICO's Amended Answer, Affirmative Defenses & Counterclaims, ECF No. 69, are hereby **STAYED** pending further order of this Court upon the resolution of Capricorn's appeal of this Partial Final Judgment.

16.     The Clerk of Court is respectfully directed to **ENTER JUDGMENT** for GEICO and AIS, and against Capricorn, on Counts II, III, and IV accordingly.

It is **SO ORDERED**.

Date: July 31, 2024

_____

Hon. DENNY CHIN
United States Circuit Judge
*Sitting by Designation*