UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CAPRICORN MANAGEMENT                          :
SYSTEMS, INC.,

                                              :

                 Plaintiff,

                                              :

        - v -

                                              :

GOVERNMENT EMPLOYEES INSURANCE
CO.,                                          :        MEMORANDUM DECISION
                 Defendant,                                  15 Civ. 2926 (DC)

                                              :

        - v -

                                              :

CAPRICORN MANAGEMENT
SYSTEMS, INC.,                                :
                 Counterclaim-Defendant.

                                              :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CHIN, Circuit Judge:

        Defendant Government Employees Insurance Co. ("GEICO") moves to

dismiss this action for lack of subject matter jurisdiction.  For the reasons set forth

below, the motion is denied.

   I.        Procedural Background

        More than ten years ago, on May 20, 2015, Plaintiff and

Counterclaim-Defendant Capricorn Management Systems, Inc. ("Capricorn")

commenced this action against GEICO.  Dkt. 1.  As relevant here, following the Court's

summary judgment decisions, the parties sought a resolution by which Capricorn could

seek immediate appellate review.  Dkt. 189.  Pursuant to the parties' jointly submitted stipulation and proposed order, the Court entered final judgment on September 6, 2023, dismissing with prejudice Counts II, III, and IV asserted in Capricorn's Complaint, in accordance with the summary judgment decisions, and also dismissing Count I without prejudice, "subject to the terms, conditions, and stipulations in the Stipulation & Proposed Order submitted herewith."  Dkt. 191 at 1-2.[1]  The stipulation and order provided: "Capricorn may refile its Count I dismissed without prejudice . . . within the six-month period commencing upon the issuance of the mandate by the United States Court of Appeals for the Second Circuit in connection with Capricorn's timely appeal from the Final Judgment of this Court."  Dkt. 190 at ¶ 5.  It further provided that "[a]ny claims timely refiled pursuant to Paragraphs 5-7 above shall, for determining compliance with any applicable statutes of limitations, relate back to the original filing date of this action on May 20, 2015," and that such claims "must be refiled in the United States District Court for the Eastern District of New York."  *Id.* at ¶¶ 8-9.  In accordance with the final judgment, the Clerk of Court was directed to and did close the case on September 6, 2023.  Dkt. 191.

---

[1]    Capricorn alleged four claims in its amended complaint: breach of a lease and royalty agreement against GEICO (Count I), breach of a non-disclosure agreement against GEICO (Count II), misappropriation of confidential information and/or trade secrets against GEICO and Auto Injury Solutions, Inc. ("AIS") (Count III), and conversion against GEICO and AIS (Count IV).  Dkt. 55.

On appeal, the Second Circuit concluded that it lacked jurisdiction "because a final order ha[d] not been issued by the district court as contemplated by 28 U.S.C. § 1291" and there was "no other basis for an immediate appeal." *Capricorn Mgmt. Sys., Inc. v. Gov't Emps. Ins. Co.*, No. 23-7925-CV, 2024 WL 3102506, at *1 (2d Cir. May 24, 2024). The mandate issued on June 18, 2024. *See* Dkt. 196-2 Ex. B, at 2.

That same day, Capricorn filed a letter in which it "respectfully request[ed] a conference with the Court to seek reinstatement of this action and Capricorn's refiling of Count I in Capricorn's Amended Complaint (ECF No. 55) pursuant to the Stipulation and Order (ECF No. 190) (the 'Order') and Final Judgment (ECF No. 191)." Dkt. 196. Capricorn additionally "respectfully request[ed] reinstatement of Capricorn's Count I for Breach of Contract as set forth in Capricorn's Second Amended Complaint" and "request[ed] a pre-trial conference with the Court to resolve any outstanding pre-trial issues and to schedule a date for the trial of this action." *Id.*

On June 19, 2024, GEICO responded by letter, explaining the jurisdictional defect in the original appeal and proposing an alternative means by which Capricorn could obtain immediate appellate review. Dkt. 197 at 1-2. GEICO also requested a status conference. *Id.* at 2. That same day, the Court granted Capricorn's request for a pre-trial conference. Dkt. 198.

At the conference, held on June 25, 2024, the parties discussed their options for proceeding and informed the Court of their new agreed-upon approach for

appellate review.  The following month, the parties submitted a letter jointly requesting entry of final judgment on Counts II, III, and IV, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, and a stay of Count I pending resolution of Capricorn's appeal.  Dkt. 203.  On July 31, 2024, the Court entered partial final judgment: The Court entered final judgment in favor of defendants GEICO and Auto Injury Solutions, Inc. ("AIS")[2] and against Capricorn on Counts II, III, and IV, and stayed Count I "pending further order of this Court upon the resolution of Capricorn's appeal of this Partial Final Judgment."  Dkt. 204 at 5.

On appeal, the Second Circuit affirmed the partial final judgment. *Capricorn Mgmt. Sys., Inc. v. Gov't Emps. Ins. Co.*, No. 24-2294-CV, 2025 WL 2778968, at *2 (2d Cir. Sep. 30, 2025).  The mandate issued on October 24, 2025.  Dkt. 206.

Following the conclusion of the second appeal, this Court and the parties have proceeded with an expectation of trial.  The Court held a conference on December 1, 2025, the parties participated in a settlement conference on January 14, 2026, and the parties filed a joint proposed pre-trial schedule on January 20, 2026.

GEICO filed this motion to dismiss on January 28, 2026.  Dkt. 209.

II.      Analysis

GEICO asserts that the Court lacks subject matter jurisdiction because Capricorn did not refile Count I within six months of the issuance of the mandate

---

[2]      After the summary judgment motions were decided, AIS withdrew its counterclaims without prejudice, Dkt. 142, and is thus no longer part of the case.

4

following Capricorn's first appeal. Dkt. 209-1 at 1. In response, Capricorn avers: First, its request for reinstatement of Count I was proper because the stipulation did not dictate a specific manner for claims to be refiled; and second, the six-month period did not begin until issuance of the mandate following the second appeal. Dkt. 211 at 4-5. GEICO emphasizes, in its reply, that Count I was never formally reinstated and that the six-month period necessarily began after issuance of the mandate following the first appeal. Dkt. 212 at 1-4.

> A.    Subject Matter Jurisdiction

The Court has subject matter jurisdiction to adjudicate Count I. A district court ordinarily divests itself of jurisdiction to decide the merits of the case following a proper voluntary dismissal under Rule 41. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395-98 (1990) (discussing Rule 41(a)(1) dismissal); *see also Kinney v. Busch*, 5 F. App'x 81, 82 (2d Cir. 2001) (summary order) (discussing Rule 41(a)(1) dismissal); *A.B. Dick Co. v. Marr*, 197 F.2d 498, 502 (2d Cir. 1952) ("[V]oluntary dismissal of a suit leaves the situation so far as procedures therein are concerned the same as though the suit had never been brought . . . thus . . . terminating jurisdiction over it for the reason that the case has become moot."). Here, however, the voluntary dismissal was improper. On appeal, the Second Circuit "lack[ed] jurisdiction because a final order ha[d] not been issued by the district court as contemplated by 28 U.S.C. § 1291" and there was "no other basis for an immediate appeal." *Capricorn Mgmt. Sys., Inc.*, 2024 WL 3102506, at *1. "Appellate jurisdiction turns on the existence (or not) of jurisdiction in the district

court." *Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 812 (2d Cir. 2022).  The Second Circuit has explained, in assessing a district court's order vacating a plaintiff's notice of dismissal, "if the lower court had altogether lost jurisdiction over the action when the order was entered, an appeal from it will not be dismissed, but will be decided on the merits." *Littman v. Bache & Co.*, 246 F.2d 490, 492 (2d Cir. 1957).  Thus, here, where the voluntary dismissal was ineffective and the subsequent appeal was dismissed for lack of jurisdiction, this Court retained jurisdiction.

Moreover, even if the ineffective dismissal were to have divested this Court of jurisdiction, the Second Circuit's issuance of the mandate on June 18, 2024 properly transferred jurisdiction back to this Court.  *See Issuance of Mandate*, U.S. Ct. of Appeals for the Second Cir., https://www.ca2.uscourts.gov/clerk/case_filing/appealing_a_case/civil_case/issuance_of_mandate.html [https://perma.cc/83Y6-QGJR] (last visited Feb. 11, 2026) ("The issuance of the mandate terminates the Court of Appeals' jurisdiction over a case and transfers jurisdiction back to the district court.").  Accordingly, this Court retained jurisdiction throughout the first appeal and has not divested itself of jurisdiction over Count I in any subsequent proceedings.

B.  Six-Month Deadline

Put simply, GEICO frames the issue improperly.  The question here is not one of jurisdiction; rather, the question is whether and how the Court should enforce the party-imposed six-month deadline included in the stipulation.  The stipulated deadline for refiling does not preclude Capricorn from continuing to litigate this case.

6

A district court has a "duty to enforce [a] stipulation which it ha[s] approved," and such agreements are "to be construed according to principles governing construction of contracts in general." *Sanchez v. Maher*, 560 F.2d 1105, 1108 (2d Cir. 1977). Here, GEICO is correct that the terms of the stipulation refer to the first appeal, not the second. Thus, the six-month clock began to run on June 18, 2024, when the Second Circuit issued the mandate from the first appeal. Nevertheless, the stipulation did not provide a precise means by which Capricorn was to properly refile its claims. The Court is thus not persuaded by GEICO's assertion that the stipulation and order "plainly contemplated that Capricorn would refile Count I in a new action, not somehow 'reinstate' its dismissed claim in this action." Dkt. 209-1 at 4 n.3.

Moreover, GEICO's subsequent conduct suggests that Capricorn's letter requesting to reinstate the action and refile Count I was a permissible means of reinstating Count I under the terms of the stipulation. *Cf. Buon v. Spindler*, 65 F.4th 64, 74 (2d Cir. 2023) (discussing how insufficiency of process can be waived by "submission through conduct"). GEICO thereafter attended several pre-trial conferences, engaged in substantive settlement negotiations, and filed a joint pre-trial schedule. The parties certainly proceeded as if Count I had indeed been reinstated. GEICO is now engaging in gamesmanship in contending, more than a year later, that Capricorn's request for reinstatement of Count I was not compliant with the terms of the stipulation. *Cf. Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 61-62 (2d Cir. 1999) (finding that defendant forfeited its insufficient-service-of-process defense by participating in "[c]onsiderable

7

pretrial activity" and failing to move for dismissal during the four years following its answer).  Any objection to Capricorn's method of refiling was forfeited.

Furthermore, "[a] district court may also disregard a stipulation if it would be manifestly unjust to enforce the stipulation." *Sinicropi v. Milone*, 915 F.2d 66, 68 (2d Cir. 1990).  Here, the intent of the parties in entering the stipulation was to allow Capricorn to efficiently seek appellate review, not to terminate Count I.  *Cf. Compania Trasatlantica Espanola, S.A. v. Hartford Accident & Indem. Co.*, 950 F.2d 105, 107 (2d Cir. 1991) (explaining that denying plaintiff's motion to vacate a prior stipulation withdrawing notice of appeal would be "manifestly unjust" because the intent of the parties was to postpone the appeal, not terminate it, and because "[w]e surely do not wish to discourage this type of stipulation" that "will enable the system to work as efficiently as possible").  Thus, even if GEICO's objection was not waived through subsequent conduct, enforcement of the stipulation would be manifestly unjust.

III.    <u>Conclusion</u>

For the reasons set forth above, GEICO's motion to dismiss is DENIED.

The Court notes that the docket shows the case is closed; the Clerk of the Court is directed to formally re-open the case.

SO ORDERED.

Dated:      Brooklyn, New York
            February 13, 2026

_____
DENNY CHIN
United States Circuit Judge
Sitting by Designation

APPEARANCES:            TARTER KRINSKY & DROGIN, LLP
                        By:    Richard C. Schoenstein, Esq.
                               David J. Pfeffer, Esq.
                               Matthew S. De La Torre, Esq.
                        1350 Broadway, 11th Floor
                        New York, NY 10018
                               Attorneys for Plaintiff and Counterclaim-Defendant

                        HUNTON ANDREWS KURTH LLP
                        By:    Michael R. Shebelskie, Esq.
                               Matthew J. Ricciardi, Esq.
                               Joseph J. Saltarelli, Esq.
                        951 East Byrd Street
                        Richmond, VA 23219
                               and
                        2200 Pennsylvania Avenue NW
                        Washington, D.C. 20037
                               and
                        200 Park Avenue
                        New York, NY 10166
                               Attorneys for Defendant

9